## HUGHES v. ATLANTA STEEL COMPANY, and vice versa.

1. The collateral fact that the plaintiff and the defendant are engaged in violating the law does not prevent the former from recovering damages of the defendant for an injury negligently inflicted, unless the unlawful act contributed to produce the injury.

(a) A servant who is injured by the negligent conduct of an incompetent fellow servant, the incompetency being unknown to him, may recover from the common master damages arising from his breach of duty in knowingly employing and retaining the incompetent servant, where the proof shows that at the time of the injury the plaintiff, the negligent and incompetent fellow servant, and the master were all three engaged together in the violation of a penal statute of this State, viz., the statute making penal the pursuit of one's business or work of ordinary calling on the Lord's day.

2. The ruling in *Wallace* v. *Cannon*, 38 *Ga.* 199 (95 Am. D. 385), *Martin* v. *Wallace*, 40 *Ga.* 52, and *Redd* v. *Muscogee R. Co.*, 48 *Ga.* 102, to the effect that when two or more parties engage in an act violative of a penal law, and one of them is injured by the carelessness or negligence of the other, the injured party is not entitled to damages, should be so qualified as to provide that to defeat a recovery in such case the violation of the statute must be a contributing cause of the injury.

          JUNE 13, 1911.  REHEARING DENIED JUNE 23, 1911.

Question of law; from Court of Appeals.

*Westmoreland Brothers* and *F. M. Hughes,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

EVANS, P. J.   The Court of Appeals has certified to us the following question of law: "Can a servant who was injured by the negligent conduct of an incompetent fellow servant, the incompetency being unknown to him, recover damages from a common master, arising from his breach of duty in knowingly employing and retaining the incompetent servant, where the proof shows that at the time of the injury the plaintiff, the negligent and incompetent fellow servant, and the master were all three engaged together in the violation of a penal statute of this State, viz., in pursuit of their business and work of ordinary calling on the Sabbath day? Penal Code, § 422."

One injured through the negligence of another ordinarily has

a right of action against the tort-feasor. The query submitted by the Court of Appeals raises the question whether this right of action is lost because at the time of the happening of the tort the injured person was violating a penal law. In Massachusetts it was held that a plaintiff who gratuitously assisted the defendants in clearing out a wheel pit on the Sabbath, for the purpose of preventing the stoppage, on a week day, of the defendants' mills, could. not recover for the defendants' negligence, by reason of the statute making penal such work on the Sabbath day. The court based its decision on the premise that the plaintiff's act, working on the Lord's day, was so inseparably connected with the cause of action as to prevent his maintaining the suit. McGrath *v.* Merwin, 112 Mass. 467 (17 Am. R. 119). In most jurisdictions, including the Supreme Court of the United States and the courts of England, it is held that a collateral unlawful act, not contributing to the injury, will not bar a recovery. The mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular, at the time of the happening of the accident, will not bar the right of action of the former nor make the latter liable to pay damages, unless such violation of law was the efficient cause of the injury. 1 Thomp. Neg. §§ 82, 249; 37 Cyc. 573; P., W. & B. R. Co. *v.* P. & H. Steam Towboat Company, 23 How. 209 (16 L. ed. 433); Black *v.* City of Lewiston, 2 Idaho, 276 (13 Pac. 80); Knowlton *v.* Ry. Co. 59 Wis. 278 (18 N. W. 17); Osaph *v.* Judd, 30 Minn. 126 (14 N. W. 575); Sharpe *v.* Evergreen, 67 Mich. 443 (35 N. W. 67); Bigelow *v.* Reed, 51 Me. 325; Mohoney *v.* Cook, 26 Pa. St. 342 (67 Am. D. 419); Ill. Central R. Co. *v.* Dick, 91 Ky. 434 (115 S. W. 665); Baldwin *v.* Barney, 12 R. I. 392 (34 Am. R. 670); W. U. Tel. Co. *v.* McLaurin, 70 Miss. 26 (13 So. 36). As said by Judge Cooley: "The principle is, that, to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury." 1 Cooley on Torts (3d ed.), 269. The statute denouncing as penal the following of one's ordinary calling on the Lord's day defines and declares a duty to the State. A breach of duty to the State does not necessarily involve a breach of duty to the defendant in such cases; and when it does not, it is simply an irrelevant fact, unless the law gives it relevancy in some express form. Hence the conclusion is irresistible that the plaintiff's violation of a penal

statute can not be pleaded in defense of a tort, unless such violation is a contributing cause of the injury for which compensation is asked.

But it is contended that where both plaintiff and defendant are engaged in violating a penal statute when the former is negligently injured by the latter, the rule should be different from that applied to cases where the plaintiff alone was committing an illegal act at the time of his injury. In support of this contention the cases of *Wallace* v. *Cannon,* 38 *Ga.* 199 (95 Am. D. 385), *Martin* v. *Wallace,* 40 *Ga.* 52, and *Redd* v. *Muscogee Railroad Company,* 48 *Ga.* 102, are cited. These decisions rule that when two or more parties are engaged in the same illegal transaction, in violation of the supreme law of the land, and one of them is injured by the carelessness or negligence of the other, the court will not lend its assistance in favor of either party to recover damages. Is this ruling decisive of the question of law submitted; and, if so, are these cases so wrong in principle that they should be reviewed and modified, a request to review these cases having been made? Each of these cases arose during the late war between the States, and the alleged illegality consisted in the transportation of troops in aid of the Confederate government and in opposition to the government of the United States. In the *Cannon* case, Cannon was the engineer of a train which carried Confederate soldiers and munitions of war in addition to passengers, and was killed in collision with another train of the defendant on its return trip after having transported Confederate soldiers to their destination. In none of the cases did the court discuss or recognize the principle that the plaintiff would be cut off from a recovery because of his own illegal conduct, unless its illegality contributed to the injury. Should the ruling be modified to this extent? At the outset we venture to say that no rational differentiation can be made between cases in which it is held that the plaintiff may recover for a tort inflicted while he alone was violating the Sunday law, and cases where both he and the tort-feasor were simultaneously violating the Sunday statute, where in either instance the violation of the statute did not contribute to the injury. If a carpenter undertakes to repair his house on Sunday and negligently lets fall a piece of timber which injures his neighbor, a gardener, while working in his garden, can it be said that the gardener shall go without re-

dress because he was following his ordinary vocation on the Lord's day? In the case hypothesized there can be no causal connection between the carpenter's negligence and the gardener's work on Sunday. The occurrence would have happened on any other day under similar circumstances. It would be offering a premium upon negligence to hold that if two persons are engaged in violating the Sunday law, and one should negligently injure the other, he could escape liability when the violation of the law was not a contributing cause of the injury. In effect it would be to allow an independent public offense to be set off against a private wrong. It was held in Gross v. Miller, 93 Iowa, 72 (61 N. W. 385, 26 L. R. A. 605), that the mere fact that both parties were violating the Sunday law by hunting on that day will not prevent one of them from recovering from the other for injuries caused by the negligent discharge of a revolver by the other. In the course of demonstrating the proposition the court said: "If one violates the Sunday law, he is amenable to the State,—is subject to the punishment inflicted by the statute. We can not see, upon principle, why the mere act of violating such a law should in any case be held a contributing cause to the injury, if one follows. If the boys had not gone into the woods, the accident would not have happened; and the same is true if they had not been in existence. So far as the pleadings show, there is nothing surrounding the accident that was in any way peculiar to the day upon which it happened. It was not more likely to happen upon Sunday than on any other day. It was not a necessary, or even, we think, a probable result of the violation of the law." The fact that a party injured was at that time violating the law does not put him out of the protection of the law; the law should not absolve from responsibility the perpetrator of a private wrong solely because the injured party may have violated a penal law, which violation in nowise contributed to his injury.

Again, the argument is advanced, that the rule that a person violating the Sunday law is not precluded from recovering damages for injuries received from the negligence of another is not applicable where the parties sustain the relation of master and servant, for the reason that it is a necessary part of the injured servant's case to prove the contract, and a contract to labor on the Sabbath is void; that without the contract no legal duty of the

master to employ competent fellow servants is shown. It may be admitted that the test whether a demand connected with an illegal transaction is capable of being enforced by law is whether the plaintiff requires the aid of the illegal transaction to establish his case. This comes from the universally accepted principle of public policy that no court will lend its aid to a party who grounds his action upon an immoral or an illegal act. In the case hypothesized by the Court of Appeals the action is founded on a breach of duty, which the law imposes as an incident to the relation of master and servant. The master's duty under the law is to exercise due care in the selection of servants and not to retain them after knowledge of incompetency. The terms of the contract of the master with his incompetent servant are of no relevancy to the plaintiff's case. The relevant fact is that the master had put the incompetent servant to work with the injured servant as a fellow servant. Nor is the injured servant, in making out a prima facie case, required to prove more than that he was at work for the master, subject to the latter's orders and control, and liable to be discharged by him for disobedience of orders or misconduct. *Brown* v. *Smith,* 86 *Ga.* 274 (12 S. E. 411, 22 Am. St. R. 456). A servant who is required to report for work on Sunday, and while working on that day is injured, may not be able to recover for services rendered on the faith of the contract; but he is not for that reason to be physically disabled by a negligent master and denied a recovery for his injury solely because the injury happened while he and the master were working on Sunday. Solarz *v.* Manhattan Ry. Co., 8 Misc. 1123 (29 N. Y. Supp. 1123); L., N. A. & C. Ry. Co. *v.* Frawley, 110 Ind. 18 (9 N. E. 594); Taylor *v.* Star Coal Co., 110 Iowa, 40 (81 N. W. 249); Johnson *v.* Missouri Pac. Ry. Co., 18 Neb. 690 (26 N. W. 347). Persons who are fellow servants of a master do not cease to be such because the work on which they were employed at the time of the injury was being done on the Sabbath and the work was in violation of the Sunday law. H. & T. C. Ry. Co. *v.* Rider, 62 Tex. 267. An employee of an industrial corporation is engaged in the primary work of earning his wage, and ought not to be placed at the master's mercy because the master conducts his work on Sunday as well as week days. A compositor in a printing office, who sets the type from which a criminal libel is printed by his master, ought not to be denied a recovery for an injury sus-

tained by him from the master's negligence while engaged in setting the type. The true rule is that a master who negligently injures his servant while working on the Lord's day is liable to the injured servant, notwithstanding that at the time of the injury both may have been violating the Sunday law.

We therefore think that the ruling in the cases of *Wallace* v. *Cannon, Martin* v. *Wallace,* and *Redd* v. *Muscogee R. Co.,* supra, that where two or more persons are engaged in the same transaction which is in violation of a penal statute, and one of them is injured by the carelessness or negligence of the other, the injured person is without remedy, should be modified with the qualification that, to prevent a recovery, the violation of the penal statute must be a contributing cause of the injury.     *All the Justices concur.*