### HYDE v. McCREERY.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—INJURY FROM AUTOMO-
BILE—EVIDENCE—LICENSE.

  In an action for personal injuries from being run down by defendant's automobile, it was error to permit the plaintiff to show that defendant had failed to register his vehicle and display the registration number as required by law; the unlawful act in no wise contributing to the injury.

  [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

  Betts, J., dissenting.

Appeal from Trial Term, Washington County.

Action by Hiram Hyde against B. Franklin McCreery. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Edward M. Angell, for appellant.
J. E. Sawyer, for respondent.

SEWELL, J. The action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The accident occurred on the 9th day of June, 1910, in the city of Glens Falls, near the intersection of Warren Ridge and Glen streets, known as "Bank Square." The plaintiff and several other passengers had alighted from a trolley car and were crossing the square, to take a car on the other side, when he was struck by the defendant's automobile, knocked down and bruised. It was a disputed question of fact whether the defendant sounded a horn or gave any other warning to the plaintiff of the approaching car, and it seems to me that the evidence was sufficient to take the case to the jury on the question of the freedom of negligence on the part of the plaintiff, as well as the negligence of the defendant.

The plaintiff was permitted, over the objection and exception of the defendant, to introduce evidence showing that the defendant had failed, for a period of more than five days, to register his vehicle and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

display the registration number, as required by the highway law (chapter 30, Laws 1909 [Consol. Laws 1909, c. 25]), and the court, in submitting the case to the jury charged that:

"The law of this state requires that every person owning an automobile, five days after he comes into the ownership of it, must have a license to run the automobile. This defendant did not have such a license, and the fact that he did not have it is proof that he was running at the time his automobile contrary to law of the state. That is one element you may consider as prima facie proof of negligence against the defendant. It is not conclusive, but it is a thing you may consider in connection with it."

To these instructions the defendant excepted. The defendant contends that the learned trial court erred in admitting this evidence, and in charging that the jury might find that the defendant was negligent and liable for damages for doing the prohibited act.

The highway law provides in effect that no motor vehicle shall be used or operated upon a public highway unless the owner shall have caused it to be registered in the office of the Secretary of State, and shall also have the number assigned to it displayed on the back of the vehicle, except that any person purchasing a motor vehicle shall be allowed to operate it for a period of five days after the purchase and delivery thereof, provided that during such period it bears the registration number of the previous owner, and that a violation of any of these provisions shall be deemed a misdemeanor, punishable by a fine not exceeding $100 for the first offense. Highway Law, art. 11, §§ 282, 286, 289, and 307.

It will be observed that this statute does not purport to subject an owner of a motor vehicle to civil liability for injuries sustained while doing the prohibited act, and that there is nothing in the statute to indicate that it was intended to afford greater protection to the public. There are numerous cases where it was held that a jury may find negligence and a liability for injuries resulting from the doing of an act prohibited by statute; but in each of these cases the statute was designed to prevent such injuries as were suffered by the individual claiming the damage, and the injuries were the direct or necessary result of the breach of the statute.

Our attention has been called to no case where it was held that the mere doing of a prohibited act is per se proof of negligence on the part of the offender, and subjects him to a cause of action in favor of a private individual who had no interest in the observance of the statute. On the contrary, it seems to be well settled that with the duty imposed by a statute there must be the correlative right in the person injured to have it discharged, to enable him to sue for a breach thereof.

It cannot be claimed that the performance of the duties imposed by this statute afford greater protection to the public, or that the injuries to the plaintiff were the result of a failure to perform them. The danger of operating a motor vehicle is the same, whether it is registered or unregistered; and it is apparent that the unlawful act of the defendant did not in any sense contribute to the accident. The case is, therefore, not with the principle of the cases in which it has been held that the jury may find negligence and a liability for damages resulting from the doing of a prohibited act.

For these reasons, we think that the judgment should be reversed, and a new trial should be granted, with costs to abide the event. All concur (HOUGHTON, J., in result), except BETTS, J., who dissents.

