MARTHA M. PORTER, *Plaintiff in Error*, v. JACKSONVILLE ELECTRIC COMPANY, *Defendant in Error*.

1.  In an action for negligence a plea that the defendant did not discover the peril of the plaintiff in time to avoid the accident is covered by a plea of not guilty.

2.  The mere fact that no license had been procured for the automobile does not relieve from liability one whose negligence injured a passenger while riding in the automobile on the public highways of the State.

3.  The negligence of a chauffeur in driving an automobile is not in general imputable to a person riding in the automobile, but having no authority or control over the machine or the driver.

Appealed from the Circuit Court of Duval County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton* and *A. H. King,* for Plaintiff in Error;

*Kay & Doggett,* for Defendant in Error.

PER CURIAM—The plaintiff in error brought an action

to recover damages for injuries received in a collision on a public highway between an automobile in which she was riding as a passenger and a street car of the defendant company. The defendant pleaded not guilty, and also several special pleas averring in effect that neither the automobile nor the chauffeur was registered as required by the statute; that defendant did not discover the peril of the plaintiff until it was too late for defendant to avoid the accident by the exercise of ordinary and reasonable diligence; and that the operator of the machine negligently contributed to the plaintiff's injury. A demurrer to the special pleas was overruled. By replication the plaintiff alleged that she was a passenger in the automobile and had no control over the vehicle or its driver and no duty in the registration of the automobile or the chauffeur. A demurrer to this replication was sustained, and the plaintiff not desiring to further plead, judgment was rendered for the defendant company, and the plaintiff took writ of error.

The averment in one of the special pleas that defendant did not discover the peril of the plaintiff in time to avoid the accident is covered by the plea of not guilty. On the authority of Atlantic Coast Line Ry. v. Weir, 63 Fla. 69, 58 South. Rep. 641, the averments of the pleas as to the operation of the automobile on the public highway without a license for the machine or the chauffeur are not a defense to this action. The averment of a special plea that the operator of the machine by his negligence contributed to the plaintiff's injury, is not in view of the statute, (Secs. 3148-9, Gen. Stats.) a full defense; and the allegations of the replication that the plaintiff was a passenger in the automobile and had no interest in or control over the automobile or the driver thereof, was a sufficient reply to the averments of the pleas that the

negligence of the operator of the automobile contributed to the plaintiff's injury, since on the pleadings it does not appear that negligence of the operator in driving the automobile may be imputed to the plaintiff.

The negligence of a chauffeur in driving an automobile is not in general imputable to a person riding in the automobile, but having no authority or control over the machine or the driver. Dale v. Denver City T. Co., 173 Fed. Rep. 787, 19 Ann. Cas. 1223 and notes; Cotton v. Willmar & S. F. Ry. Co. 99 Minn. 366, 109 N. W. Rep. 835, 9 Ann. Cas. 935; Shultz v. Old Colony St. R. Co., 193 Mass. 309, 79 N. E. Rep. 873, 9 Ann. Cas. 402; Colorado & S. R. Co. v. Thomas, 33 Colo. 517, 81 Pac. Rep. 801, 3 Ann. Cas. 700; Little v. Hackett, 116 U. S. 366, 6 Sup. Ct Rep. 391. See also note to St. Louis & S. F. R. R. Co. v. McFall, 5 Ann. Cas. 163, and note in Christy v. Elliott, 1 L. R. A. (N. S.) 215.

The judgment is reversed.

WHITFIELD, C. J., and SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness.