## J. E. LUCKEY, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, April 7, 1913.

1. **NEGLIGENCE: Obstructions in Streets.** The plaintiff sued to recover damages for personal injuries sustained, by the negligence of the defendant in allowing an obstruction to be placed in a public street without a danger signal. Plaintiff was driving his ice wagon north on the east side of Brooklyn avenue, early in the morning. The morning was misty and somewhat dark and he did not see the obstruction owing to the poor light and absence of any warning signal. Where plaintiff drew near the curb to let a bread wagon pass, the wheels of his wagon ran over the obstruction, and he was thrown out on the pavement and injured. *Held*, that the court did not err in sustaining an objection to the introduction of an ordinance which imposed a penalty on a lawful traveler on the street who has failed to comply with the revenue law of the city, which imposed a license tax on vehicles.

2. **ORDINANCES: Trespasser: Vehicle Tax.** A city ordinance, which imposes a tax on vehicles, cannot be considered a police regulation, but a measure to raise revenue. Therefore a person using a street in violation of such an ordinance, is not a trespasser.

3. **INSTRUCTIONS: Remittitur.** An instruction which allows the plaintiff his expenses, reasonably and necessarily incurred for medical attention and medicines, if any, not exceeding the sum of $250 for medical attention and medicines, if any, is erroneous, if not supported by the evidence. But after judgment the same can be corrected by a remittitur.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED (*conditionally*).

*A. F. Evans, F. M. Hayward,* and *J. W. Garner* for appellant.

(1) The court below erred in not sustaining the demurrer to the evidence because no competent evidence was submitted showing respondent to have been

injured by an obstruction in a public street. Fowler v. Elevator Co., 143 Mo. App. 422; Sheldon v. Railroad, 29 Barb. 226; Oglesby v. Railroad, 177 Mo. 272; Byerly v. Consolidated Co., 130 Mo. App. 193. (2) The court below erred in giving instruction 4 asked by respondent because it is not supported either by the pleadings or the proof. Knight v. Kansas City, 113 Mo. App. 561; Smoot v. Kansas City, 194 Mo. 513. (3) The court below erred in rejecting the city ordinances showing that no vehicle was permitted to be driven on the streets of Kansas City without a license being paid for such use, and evidence offered by appellant that respondent had no such license covering the time of his injury—because such evidence showed respondent to have been a trespasser who could not maintain an action against the city. Dudley v. Northampton, 89 N. E. 25, 202 Mass. 306; Williams v. St. Joseph, 166 Mo. App. 299, 148 S. W. 459; Feeley v. Melrose, 81 N. E. (Mass.) 306; Feeback v. Railroad, 167 Mo. 206; Carrier v. Railroad, 175 Mo. 470; Fry v. Railroad, 200 Mo. 377; Youmans v. Railroad, 143 Mo. App. 393; O'Donnell v. Railroad, 197 Mo. 110; Hull v. Railroad, 219 Mo. 555.

*Thad B. Landon* and *John D. Wendorff* for respondent.

(1) It was conclusively shown that the injuries received by respondent were the result of the negligence of appellant in permitting the obstruction to remain in the street. Hence, no error in overruling the demurrer to the evidence. Authorities cited by the appellant. Nepher v. Woodward, 200 Mo. 179. (2) Instruction No. 4 was abundantly supported by the evidence. Nelson v. Railroad, 113 Mo. App. 659; Jennings v. Swift & Co., 130 Mo. App. 391; Young v. Railroad, 126 Mo. App. 1. (3) The violation of sections 142 and 143 of the ordinances was not the proximate cause of the injury, therefore constitute no de-

fense. These ordinances are revenue measures. St. Louis v. Green, 7 Mo. App. 468, 70 Mo. 562; State v. Distilling Co., 236 Mo. 248; State v Dix, 159 Mo. App. 573; St. Louis v. Knox, 74 Mo. 79; Columbia v. Samuels, 164 Mo. App. 92; St. Louis v. Weitzel, 130 Mo. 600; U. S. v. Fout, 123 Fed. 627; 28 Cyc. 1417; 29 Cyc. 525; Weller v. Railroad, 120 Mo. 635; Phelan v. Paving Co., 227 Mo. 711; Reed v. Railroad, 50 Mo. App. 504.

JOHNSON, J.—This is an action against Kansas City to recover damages for personal injuries plaintiff sustained while driving on Brooklyn avenue, one of the public streets. A trial in the circuit court resulted in a verdict and judgment for plaintiff in the sum of $4500, and the cause is here on the appeal of defendant.

Brooklyn avenue is a paved street forty-two feet wide between the curb lines. Two street car tracks occupy a space fourteen feet wide in the middle of the pavement, leaving a space for vehicles fourteen feet wide on each side of the tracks. The owner of a house on the east side of the street in the block between Twenty-sixth and Twenty-seventh streets had caused a pile of material for the laying of a granitoid walk on his premises to be deposited and left in the street near the curb line and extending three or four feet towards the car tracks. The pile had been allowed to remain in that place ten days or two weeks before the date of the injury and, being composed of sand, gravel and cement, had become a hardened cohesive mass.

Plaintiff, the owner of a two-horse ice wagon, drove north on the east side of the pavement at about five o'clock in the morning of September 13, 1910. The morning was misty and somewhat dark and he did not see the obstruction owing to the poor light and the absence of any warning signal. He was driving

down grade and near the place of the injury met a bread wagon coming south along the east side of the pavement. The bread wagon turned to the west a little and plaintiff drove near the curb. The east wheels of his wagon ran over the pile of material tilting the wagon and throwing him to the pavement. Counsel for defendant argue that plaintiff was not injured in the manner just stated and that his own evidence shows that his injury was caused by a collision with the bread wagon which occurred about 100 feet north of the obstruction. We think this conclusion is based on a misunderstanding of the evidence of plaintiff which clearly shows that there was no collision between the two wagons and that plaintiff's fall was caused in the manner described. It appears that the team stopped about 100 feet north of the pile and that plaintiff was assisted by the driver of the bread wagon to a place on the sidewalk near the team. Witnesses who lived in nearby houses were aroused by the unusual noise and by the groans of plaintiff and looking out of their windows saw plaintiff in the place to which he had been removed. From their testimony and from the obviously inadvertent statement of plaintiff in using the word ''west'' where he meant to say ''east,'' we are asked to disregard all that part of the testimony of plaintiff and the driver of the bread wagon tending to show that plaintiff was thrown from his seat by the collision of the wagon with the obstruction in the street, and to say as a matter of law that the injury must have occurred at another place and in another manner. This is not an instance, as defendant contends, where the evidence of plaintiff leaves the jury in the field of conjecture and speculation as to the cause of the injury. The evidence, rightly understood, points to the pleaded negligence of defendant as the proximate cause and that negligence was the act of leaving an unguarded obstruction in the street after defendant had actual knowl-

edge of its presence in time to have removed it or, at least, to have placed a warning signal light upon it, had reasonable care been exercised.

But it is argued by defendant that plaintiff was a trespasser on the street and defendant did not owe him the duty of reasonable care. Defendant offered in evidence an ordinance of the city which provides: "Hereafter no vehicles shall be used, driven or operated in or upon the streets, alleys or public places of the city without a license being paid for such use. And by reason of the fact that the streets and public places of the city are more rapidly worn and more constantly used by some vehicles than by others, the following schedules of license fees is hereby fixed to be paid for such use, to-wit: . . . wagons . . . when drawn by two horses or animals, $4.00 per annum." The court sustained plaintiff's objection to the introduction of this ordinance but for the purposes of the question raised by defendant we shall treat the ordinance as though it had been admitted and shall assume that the license fee had not been paid by plaintiff. Further the ordinance provided that "any person . . . who shall violate any of the provisions of this article shall be deemed guilty of a misdemeanor and upon conviction shall be fined in the sum of not less than two dollars, nor more than five hundred dollars for each and every offense."

The ordinance leaves no room for doubt that its prime object is to raise revenue for the city and that the license fees for vehicles are in the nature of a tax imposed by the taxing power of the city. "The imposition of such a tax may be referable to the taxing power, the police power, or both; to the police power alone if the object is merely to regulate, and the amount received merely pays the expense of enforcing the regulations and to the taxing power alone if its main object is revenue." [St. Louis v. Green, 7 Mo. App. 468, 70 Mo. 562; City v. Adams, 90 Mo. App.

l. c. 40; State v. Dix, 159 Mo. App. 573.] The recitations of the ordinance disclose a purpose to impose a tax for the use of the street by all classes of vehicles to raise revenue for keeping the streets in repair. The ordinance cannot be considered as a police regulation and, therefore, the cases cited by defendant which classify as trespassers persons who use public streets in violation of such regulations are not in point. The ordinance provides a penal remedy and that remedy is adequate and exclusive. [State v. Dix, supra.]

Plaintiff was a lawful traveler on the street who had failed to comply with a revenue law of the city imposing a license tax on his vehicle and was subject to the penalty imposed for such violations of the law. He was subject to no other pains and penalties and since there can be no possible causal connection between his failure to pay the license tax and his injury, it is impossible to conceive of any just ground on which he should be treated as an outlaw and denied the benefit of the rule of reasonable care. The court did not error in sustaining plaintiff's objection to the ordinance, nor was any error committed in overruling the demurrer to the evidence.

The petition alleges that plaintiff ''has incurred and become obligated to pay large sums of money for hospital and nurse bills, medical bills and for physicians and surgeons in the sum of about two hundred and fifty dollars.''

The instruction given at the request of plaintiff on the measure of damages allowed him to recover ''his expenses, reasonably and necessarily incurred for medical attention *and medicines,* if any, not exceeding the sum of two hundred and fifty dollars for such medical attention *and medicines,* if any.'' The evidence of plaintiff tended to show that he had incurred obligations for physicians and hospital service in excess of two hundred and fifty dollars and that

he had expended money for medicines, but it fails to give any indication of the amount of the latter expenditures. Thus it appears that the jury were authorized to assess damages for an item without any proof of its amount. This was error which permeates the judgment to the extent of $250. The jury well might have believed that plaintiff's outlay for the services of physicians and hospital fees was less than $250, and yet have included that sum in the verdict on the theory that he was entitled to an allowance for medicines which would cover the deficiency. Since the effect of the error cannot be known but necessarily is restricted to the item of $250, plaintiff will be required to remit that sum from his judgment as a condition to its affirmance. Accordingly if he will enter a remittitur of $250 within ten days from the filing of this opinion the judgment will stand affirmed; otherwise it will be reversed and the cause remanded.

It is so ordered. All concur.