## JOHN T. ARMSTEAD v. GEORGE H. LOUNSBERRY.[1]

March 12, 1915.

Nos. 18,998—(226).

**Automobile — turning in street — negligence of another driver.**

1. Defendant was driving an automobile on a public street. He saw plaintiff's automobile, in front of him and headed in the same direction, commence to turn in the street. Practically the whole width of the street was required to make the turn. Defendant could have stopped his car and avoided a collision. Instead of doing so, he increased his speed and attempted to pass ahead of plaintiff's car before it should reach the left curb. The result was.

[1] Reported in 151 N. W. 542.

Note.—The question of the negligence of the operator of an automobile under particular state of facts is discussed in a note in 1 L.R.A.(N.S.) 228.

As to operating automobile without license, see notes in 23 L.R.A.(N.S.) 561; 25 L.R.A.(N.S.) 734; 35 L.R.A.(N.S.) 699; 41 L.R.A.(N.S.) 308, and 52 L.R.A. (N.S.) 801.

a collision. *Held,* the evidence was sufficient to charge defendant with negligence.

### Same — compliance with ordinance.

2. The evidence sustains a finding that plaintiff was not negligent in making the turn. The law of the road has no application to such a case. Violation of a city ordinance requiring a driver to look to the rear before turning is negligence *per se,* but, if one riding with him looks and then directs him to go ahead, the ordinance is complied with.

### Action by owner of unregistered car.

3. The fact that plaintiff's automobile is not registered as required by law does not prevent his recovery. Violation of law on the part of plaintiff which will preclude a recovery for an injury sustained by him must bear to the injury the relation of cause to effect.

Action in the district court for St. Louis county to recover $675.33 for damage to plaintiff's automobile caused by defendant's negligence. The answer set up a counterclaim for $1,220. The Insurance Company of North America intervened. The case was tried before Dibell, J., who denied defendant's motion for a directed verdict and plaintiff's motion for an instruction to the jury that defendant could not recover upon his counterclaim because of his negligence, and a jury which returned a verdict for $68.51 in favor of plaintiff and against the intervener on its claim. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Abbott, MacPherran, Lewis & Gilbert,* for appellant.

*John Jenswold* and *C. R. Magney,* for respondent.

HALLAM, J.

Plaintiff and defendant Lounsberry, each driving an automobile, came into collision on London road in Duluth. Both sustained some damage. Each lays the whole blame on the other. Plaintiff sued to recover his damage from defendant. Defendant had insurance in intervener insurance company, and intervener paid to him the amount of his damage and in this action it asks to be reimbursed by plaintiff. The court submitted the case to the jury and a verdict was rendered for plaintiff. The jury must have found defendant negligent and

plaintiff free from negligence. Defendant and intervener contend the evidence does not sustain such finding.

1. Plaintiff's car stood on the right hand side of the street, facing east. In company with an automobile salesman plaintiff boarded the car. Either at the time of starting or soon thereafter he commenced to turn in order to go west. The street was 48 feet wide and he required 45 feet in which to make the turn. Defendant was coming from behind, that is, from the west. Defendant's own testimony is that he was coming at 13 miles an hour, that he saw plaintiff start to turn when he was still 40 feet away. Defendant could, without doubt, have avoided a collision by then stopping his car. Instead of doing so, he speeded his car to 25 miles an hour and made an attempt to pass in front of plaintiff's car before it should reach the left curb in the course of its turn. He did not quite succeed. The rear wheel of his car collided with the right front fork of plaintiff's. The jury were justified in finding defendant negligent.

2. Whether plaintiff was also negligent is a more difficult question. He had recently purchased his car and had taken but three lessons in its operation. He was then operating it under the direction of one Maxon, the salesman from whom he bought it. There is evidence, however, from which the jury might find that he was operating the car with reasonable care and skill. He had a right to turn around in the street and take as much space as necessary for that purpose so long as he used due care. The law of the road does not apply to such a case. Lyford v. Jacob Schmidt Brewing Co. 110 Minn. 158, 124 N. W. 831.

There is an ordinance of the city of Duluth which requires every person using any vehicle on the street, before turning around, to look to the rear, and which makes violation of the ordinance gross negligence. This ordinance is for the protection of such as defendant, and if plaintiff failed to obey it such failure was negligence *per se*. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275. Plaintiff's evidence is that Maxon, knowing that plaintiff intended to turn, did look to the rear, and upon doing so directed plaintiff to go ahead. Maxon testified to the same effect and testified that defendant's automobile was not then in sight, had not yet rounded a curve which was some

700 feet away. If Maxon looked and gave direction to plaintiff as claimed, the ordinance was complied with. It was not indispensable that plaintiff himself look. Schaar v. Conforth, supra. If the ordinance was complied with, it does not necessarily follow that plaintiff was exercising due care. The ordinance does not prescribe the full measure of care required of the driver of an automobile. He is under the constant duty of exercising ordinary care. But what is ordinary care is, within reasonable limits, a question of fact for the jury to determine. There is some conflict in the evidence. It is by no means certain that plaintiff was exercising due care. The jury might have found either way. Its finding that plaintiff was not negligent has some evidence to sustain it, the trial court approved it, and we think this court should not set it aside.

3. Defendant contends plaintiff is barred of recovery in this action because his automobile was not registered as provided by law. Chapter 259, section 8, p. 307, Laws 1909, provided:

"No person shall operate or drive a motor vehicle on the public highways of this state * * * unless such vehicle shall have been registered * * * and shall have the tag of registration assigned to it by the secretary of state conspicuously displayed on the rear of such vehicle * * *."

Plaintiff had not complied with this law. Defendant contends that he was therefore a trespasser upon the street and that the only duty the traveling public owed to him was a duty not to wilfully or wantonly injure him. We do not concur in this contention. The fact that a person who sustains injury at the hands of another is at the time engaged in violation of some law may have an important bearing upon his right to recover. His violation of the law may be evidence against him, and in some cases may wholly defeat recovery. Ericson v. Duluth & Iron Range R. Co. 57 Minn. 26, 58 N. W. 822; Oddie v. Mendenhall, 84 Minn. 58, 86 N. W. 881; Day v. Duluth Street Ry. Co. 121 Minn. 445, 141 N. W. 795. But it is not every violation of the law that is even material evidence against him. The right of a person to maintain an action for a wrong committed upon him is not taken away because he was at the time of the injury disobeying a statute law which in no way contributed to his injury. He is not

placed outside all protection of the law, nor does he forfeit all his civil rights merely because he is committing a statutory misdemeanor. The wrong on the part of plaintiff, which will preclude a recovery for an injury sustained by him, must be some act or conduct having the relation to that injury of a cause to the effect produced by it. Sutton v. Wauwatosa, 29 Wis. 21, 9 Am. Rep. 534; Philadelphia W. & B. R. Co. v. Towboat Co. 23 How. 209, 16 L. ed. 433. Plaintiff's violation of the law, in order to affect his case, must, like any other act, "be a proximate cause, in the same sense in which the defendant's negligence must have been a proximate cause in order to give any right of action." 1 Shearman & R. Neg. § 94. A collateral unlawful act not contributing to the injury will not bar a recovery. Hughes v. Atlanta Steel Co. 136 Ga. 511, 71 S. E. 728, 36 L.R.A. (N.S.) 547, Ann. Cas. 1912C, 394.

Plaintiff's violation of law in this case is of this collateral character. There was no relation of cause and effect between the unlawful act and the collision. The registration of plaintiff's automobile was of no consequence to defendant. The law providing for such registration was not for the prevention of collisions and had no tendency to prevent collisions. There is no pretense that the registration of plaintiff's automobile would have had any tendency to prevent this collision. Plaintiff's failure to obey the law in no way contributed to his injury and could not bar his right of recovery. This rule is sustained by the great weight of authority. Birmingham R. L. & P. Co. v. Aetna Accident & Liability Co. 64 South. 44 (Ala.); Hemming v. City of New Haven, 82 Conn. 661, 74 Atl. 892, 25 L.R.A. (N.S.) 734, 18 Ann. Cas. 240; Atlantic Coast Line R. Co. v. Weir, 63 Fla. 74, 58 South. 641, 41 L.R.A. (N.S.) 307, Ann. Cas. 1914A, 126; Hughes v. Atlanta Steel Co. 136 Ga. 511, 71 S. E. 728, 36 L.R.A. (N.S.) 547, Ann. Cas. 1912C, 394; Crossen v. Chicago & J. E. Ry. Co. 158 Ill. App. 42, 81 Atl. 497; Luckey v. Kansas City, 169 Mo. App. 666, 155 S. W. 873; Shaw v. Thielbahr, 82 N. J. Law, 23; Hyde v. McCreery, 145 App. Div. 729, 130 N. Y. Supp. 269; Yaeger v. Winton M. C. Co. 53 Penn. Super. Ct. 202; Elliott, Roads & Streets, § 1115.

The contrary rule obtains in Massachusetts. Dudley v. Northamp-

ton Street Ry. Co. 202 Mass. 443, 89 N. E. 25, 23 L.R.A.(N.S.) 561; Feeley v. Melrose, 205 Mass. 329, 91 N. E. 306, 27 L.R.A.(N.S.) 1156, 137 Am. St. 445; Chase v. N. Y. Cent. & H. R. R. Co. 208 Mass. 137, 94 N. E. 377; Dean v. Boston Elev. Ry. Co. 217 Mass. 495, 105 N. E. 616. It is held in these cases, under a statute similar to ours, that failure to register an automobile is a cause which directly contributes to any injury received in its operation, that the statute was "intended to outlaw unregistered machines and to give them * * * no other right than that of being exempt from reckless, wanton or wilful injury; they were to be no more travelers than a runaway horse" (Dudley v. Northampton Street Ry. Co. 202 Mass. 443, 448, 89 N. E. 23, 27, 23 L.R.A.(N.S.) 561); that "everything in the conduct of the operator that enters into the propulsion of the vehicle is under the ban of the law; in going along the way * * * the machine is an outlaw; the operator, in running it there and thus bringing it into collision * * * is guilty of conduct which is permeated in every part by his disobedience of the laws; * * * *" (Chase v. New York C. & H. R. R. Co. 208 Mass. 158, 94 N. E. 385); that "any person on the street as an occupant of the automobile, participating in the movement of it," is for the time being a trespasser. Bourne v. Whitman, 209 Mass. 155, 172, 95 N. E. 404, 408, 35 L.R.A.(N.S.) 701. It is even held that lady passengers who accept the courtesy of a ride in such an automobile, with no knowledge of the matter of registration, do so "at their peril;" that they are not travelers but trespassers, and "unlawfully upon the way" and under the same disability as to recovery for injuries received as the owner or driver. Feeley v. Melrose, 205 Mass. 329, 91 N. E. 306, 27 L.R.A.(N.S.) 1156, 137 Am. St. 445. This doctrine was adopted in Massachusetts by a divided court: Dudley v. Northampton Street Ry. Co. 202 Mass. 443, 447, 89 N. E. 25, 23 L.R.A.(N.S.) 561; Bourne v. Whitman, 209 Mass. 155, 172, 95 N. E. 404, 408, 35 L.R.A.(N.S.) 701; and much force is taken from the weight of these cases as authority by a late decision that "the law of these * * * cases should not be extended to the provision of the statute requiring every operator to have a personal license to operate the car." Bourne v. Whitman, 209 Mass. 172, 95 N. E. 408, 35 L.R.A.(N.S.) 701.

It appears to us the weight of argument, as well as the weight of authority, is against the rule of the Massachusetts cases and in accordance with the rule we have above laid down.

Rogers v. Greenwood, 14 Minn. 256 (333); Bisbee v. McAllen, 39 Minn. 143, 39 N. W. 299; and Leuthold v. Stickney, 116 Minn. 299, 133 N. W. 856, 39 L.R.A.(N.S.) 231, Ann. Cas. 1913B, 405, are plainly distinguishable from the case at bar. They were actions upon contract. In each case the illegality in question consisted in the violation of some statute designed to protect parties making such contracts, and the defendant in the action was within the class which the statute was designed to protect.

An ordinance of Duluth provides that before any person shall operate a motor vehicle upon the streets of the city he must obtain a license from the city. Plaintiff had no such license. For reasons similar to those stated above, we think this fact cannot bar recovery. See also Lindsay v. Cecchi, 3 Boyce, 133, 80 Atl. 523, 35 L.R.A. (N.S.) 99.

Judgment affirmed.