ADELARD MARQUIS *vs.* HERMENEGILDE MESSIER.

JANUARY 12, 1917.

PRESENT:    Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Negligence.   Unlicensed Driver of Motor Vehicle.*

The fact that plaintiff at the time of the accident had no license to drive a motorcycle on the highway cannot be set up as a defence against a claim for damage resulting from a collision with the automobile of defendant.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and overruled.

VINCENT, J.    This is an action of trespass on the case for negligence. The plaintiff claims that while driving his motorcycle on Arctic Centre Square on the 9th of July, 1915,

he was run into by the defendant who was operating an automobile, the collision resulting in some injury to himself and in great damage to his machine.

The case was tried to a jury in the Superior Court and a verdict was rendered for the plaintiff in the sum of $275. The defendant's motion for a new trial was denied by the trial court and the case is now before us upon the defendant's exceptions.

The first exception of the defendant relates to a ruling of the trial court refusing to permit him to ask the plaintiff in cross-examination, "Did you have a license for this machine," referring to the motorcycle which the plaintiff was riding at the time of the accident.

The home of the plaintiff was at Crompton, Rhode Island. For sometime he had been living and working in Glasgow, Connecticut. On the Saturday previous to the accident he came to Crompton on his motorcycle, a second-hand machine which he had purchased in Norwich, Connecticut, about four months before and which he had ridden altogether some three hundred miles. On the day of the accident the plaintiff had started from Crompton to return to Connecticut and had proceeded as far as Arctic Centre when the collision between his machine and the automobile of the defendant occurred. The purpose of the question as stated by the defendant's counsel, was to show that the plaintiff had no license to drive a motorcycle on the highway and therefore the defendant owed him no duty and was under no liability except for malicious and wanton injury. At the same time it was doubtless the purpose of the defendant to bring the case at bar within some of the decisions of the courts of Massachusetts, and a few other states, now cited upon his brief, which hold that the occupants of an unlicensed or unregistered machine driven in the highway are simply trespassers and have no rights as against other travelers being only entitled to protection from malicious or wanton injury. It would be useless to enter upon a discussion of these authorities in view of the decision of this court in *Baldwin* v. *Barney*, 12 R. I. 392, where the question

raised by this exception of the defendant is most carefully considered. Our court in that case disapproved of the principle enunciated by the Massachusetts courts and reached the conclusion that where a person drives on Sunday, in violation of law, his illegal act cannot be set up as a defence against a claim for a damage resulting from a collision on the highway.

In *Armstead* v. *Lounsberry*, 129 Minn. 34, a case in which the plaintiff's automobile was not registered as required by law, the court held that: "The right of a person to maintain an action for a wrong committed upon him is not taken away because he was at the time of the injury disobeying a statute law which in no way contributed to his injury. He is not placed outside of all protection of the law, nor does he forfeit all his civil rights merely because he is committing a statutory misdemeanor. The wrong on the part of the plaintiff, which will preclude a recovery for an injury sustained by him, must be some act or conduct having the relation to that injury of a cause to the effect produced by it. Plaintiff's violation of the law, in order to affect his case, must, like any other act, be a proximate cause, in the same sense in which the defendant's negligence must have been a proximate cause in order to give any right of action." To the same effect see *Briggs* v. *N. Y. C. & H. R. R. Co.*, 72 N. Y. 26. We think this exception of the defendant must be overruled.

The second, third and fourth exceptions are to rulings of the court allowing certain questions relating to the damage done to the machine. We find no error in these rulings and the exceptions do not seem to us to possess sufficient merit to warrant any particular discussion.

The defendant's fifth exception is to the ruling of the court allowing a certain question, designated in the bill of exceptions as question 15 on page 65 of the transcript of evidence. It does not appear that any such exception was taken at the trial.

The sixth and last exception is to the decision of the trial justice denying the defendant's motion for a new trial.

The defendant states in his brief that he raises two specific questions, (1) Did the court err in its rulings on evidence in the trial of the case, and (2) Was the plaintiff guilty of contributory negligence. The first of these questions has already been disposed of.

The testimony as to the position, management and movements of the respective machines just prior to the collision seems to be conflicting. Much of the testimony of the parties and their witnesses as to the circumstances of the accident was given in connection with a map of the locality where the collision occurred. Upon this map witnesses pointed out the position of the machines, from time to time, as they approached each other and the place of various movements or occurrences as "here" or "there" without further words of description which would enable us to determine from the record the particular spot indicated. Defects of this character frequently appear in transcripts of testimony, in cases where maps or plats are used, making it very difficult, and sometimes impossible, for the reviewing court to fully understand and appreciate the testimony thus given. The present case furnishes many instances of such defects.

We cannot say however that there is any preponderance of evidence showing the contributory negligence of the plaintiff nor can we say that there is not sufficient evidence to support the verdict which the jury has rendered upon the facts submitted to them. The trial court has examined the case in connection with the defendant's motion for a new trial and has found the testimony bearing upon the question of the plaintiff's negligence is such that reasonable men might differ as to the conclusions to be drawn therefrom. We think the decision of the trial court is fully warranted by the record and should not be disturbed.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court with directions to enter judgment on the verdict.

*Alberic A. Archambault, Raoul Archambault,* for plaintiff.
*John F. Murphy, Charles A. McGuire, Jr.,* for defendant.