CENTRAL OF GEORGIA RAILWAY COMPANY *v.* MOORE;
*et vice versa.*

Where a person driving a motor truck on a public highway over a railroad crossing is struck by a passenger-train and injured, the mere fact that the vehicle has not been registered in the office of the Secretary of State, and a license obtained, and a license fee paid, as required under Georgia Laws, Ex. Sess. 1915, p. 107, will not render the person so injured a trespasser, and bar his right of recovery against the railroad company for negligence.

No. 1556. DECEMBER 9, 1919.

Question certified by Court of Appeals (Cases Nos. 10216, 10217).

*Pottle & Hofmayer, A. H. Gray,* and *L. M. Rambo,* for plaintiff in error.

*Glessner & Collins* and *Reuben R. Arnold,* contra.

ATKINSON, J. The Court of Appeals has certified the following question for decision: "Under the statute which requires that motor-vehicles shall be registered in the office of the Secretary of State and a license obtained, and a license fee paid (Ga. Laws, Ex. Sess. 1915, p. 107), is a person driving on a public railroad-crossing an unregistered motor-truck without such license, when struck by a passenger-train, to be regarded as a trespasser, and not entitled to recover against the defendant railway company for

negligence not wilful or wanton? See, in this connection, *Knight* v. *Savannah Electric Co.*, 20 *Ga. App.* 314 [93 S: E. 17]." By section 4 of the act mentioned in the question propounded by the Court of Appeals, it is provided: "That every owner of a motor vehicle shall, on or before the first day of March in each year, before he shall operate such motor vehicle or motorcycle, register such vehicle in the office of the Secretary of State, and obtain a license to operate the same for the ensuing year; and every chauffeur employed to operate motor vehicles shall likewise register and obtain a license as hereinafter provided." Other sections prescribe certain fees to be paid for licenses. By section 23 of the act it is provided: "That any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished as for a misdemeanor." The statute contains other provisions in regard to the manner of obtaining licenses, and the operation of automobiles and other vehicles therein mentioned, which are not necessary to be mentioned, as they do not impose any additional restriction or penalty for operating a machine without a license. It will be observed that the statute makes it unlawful to operate an automobile without having procured a license, and that the consequence of violation of the statute will render the violator guilty of a misdemeanor. In *Hughes* v. *Atlanta Steel Co.*, 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C, 394), a servant was injured while violating a penal statute by working on the Sabbath day. In a suit against the master for negligence it was held: "The collateral fact that the plaintiff and the defendant are engaged in violating the law does not prevent the former from recovering damages of the defendant for an injury negligently inflicted, unless the unlawful act contributed to produce the injury." In the course of the opinion it was said by Evans, P. J.: "In Massachusetts it was held that a plaintiff who gratuitously assisted the defendants in clearing out a wheel pit on the Sabbath, for the purpose of preventing the stoppage, on a week day, of the defendants' mills, could not recover for the defendants' negligence, by reason of the statute making penal such work on the Sabbath day. The court based its decision on the premise that the plaintiff's act, working on the Lord's day, was so inseparably connected with the cause of action as to prevent his maintaining the suit. McGrath *v.* Merwin,

112 Mass. 467 (17 Am. R. 119). In most jurisdictions, including the Supreme Court of the United States and the courts of England, it is held that a collateral unlawful act, not contributing to the injury, will not bar a recovery. The mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular, at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages, unless such violation of law was the efficient cause of the injury. 1 Thomp. Negligence, §§ 82, 249; 37 Cyc. 573; P., W. & B. R. Co. v. P. & H. Steam Towboat Co., 23 How. 209 (16 L. ed. 433); Black v. City of Lewiston, 2 Idaho, 276 (13 Pac. 80); Knowlton v. Ry. Co., 59 Wis. 278 (18 N. W. 17); Osaph v. Judd, 30 Minn. 126 (14 N. W. 575); Sharpe v. Evergreen, 67 Mich. 443 (35 N. W. 67); Bigelow v. Reed, 51 Me. 325, Mohoney v. Cook, 26 Pa. St. 342 (67 Am. D. 419); Ill. Cent. R. Co. v. Dick, 91 Ky. 434 (115 S. W. 665); Baldwin v. Barney, 12 R. I. 392 (34 Am. R. 670); W. U. Tel. Co. v. McLaurin, 70 Miss. 26 (13 So. 36). As said by Judge Cooley: 'The principle is, that, to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury.' 1 Cooley on Torts (3d ed.), 269. The statute denouncing as penal the following of one's ordinary calling on the Lord's day defines and declares a duty to the State. A breach of duty toward the State does not necessarily involve a breach of duty to the defendant in such cases; and when it does not, it is simply an irrelevant fact, unless the law gives it relevancy in some express form. Hence the conclusion is irresistible that the plaintiff's violation of a penal statute can not be pleaded in defense of a tort, unless such violation is a contributing cause of the injury for which compensation is asked." See also, *Seaboard Air-Line Ry.* v. *Collier,* 118 *Ga.* 463 (45 S. E. 300), and cases cited; *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 26). The failure to have a license and pay the fee has no causal relation to the injury; and the ruling quoted pronounces a principle, which, applied to the case under consideration, requires that the question propounded by the Court of Appeals be answered in the negative. Cases involving the same principle as applied to the operation of automobiles and motorcycles and the like, in violation of statutes requiring licenses and registration for the operation of such machines on public high-

ways, have been before many of the courts of last resort in this country. In most of them it has been held that the mere fact of operating a machine without its having been registered and a license issued therefor, as required by statute, would not bar a recovery for negligence; the basis of these decisions being generally that the failure to have a license was not a contributing cause of the injury. See Hemming v. New Haven, 82 Conn. 661 (74 Atl. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240); Moore v. Hart, 171 Ky. 725 (188 S. W. 861); Porter v. Jacksonville Electric Co., 64 Fla. 409 (60 So. 188); Wolford v. Grinnell, 179 Iowa, 689 (161 N. W. 686); Southern Ry. Co. v. Vaughn, 118 Va. 692 (88 S. E. 305, L. R. A. 1916E, 1222, Ann. Cas. 1918D, 842); Derr v. Chicago &c. Ry. Co., 163 Wis. 234, (157 N. W. 753); Armstead v. Lounsberry, 129 Minn. 34 (151 N. W. 542, L. R. A. 1915D, 628); Crossen v. Chicago &c. Electric Ry. Co., 158 Ill. App. 42; Luckey v. Kansas City, 169 Mo. App. 666 (155 S. W. 873); Shaw v. Thielbahr, 82 N. J. L. 23 (81 Atl. 497); Hyde v. McCreery, 145 App. Div. 729 (130 N. Y. Supp. 269); Switzer v. Sherwood, 80 Wash. 19 (141 Pac. 181, Ann. Cas. 1917A, 216); Salo v. Pac. Coast Casulty Co., 95 Wash. 109 (163 Pac. 385, L. R. A. 1917D, 613); Dervin v. Frenier, 91 Vt. 398 (100 Atl. 760); Marquis v. Messier, 39 R. I. 563 (99 Atl. 527); Mumme v. Sutherland (Tex. Civ. App.), 198 S. W. 395; Shipmoda v. Bundy, 24 Cal. App. 675 (142 Pac. 109); Black v. Moree, 135 Tenn. 73 (185 S. W. 682, L. R. A. 1916E, 1216); 2 R. C. L. 1208, § 44; 20 R. C. L. 43, 44, §§ 37, 38.

*All the Justices concur, except Fish, C. J., absent.*