28212. JOHNSTON *v.* PITTARD *et al.*

DECIDED APRIL 22, 1940.

*Joseph D. Quillian, Park & Park,* for plaintiff.

*J. G. Faust, Miles W. Lewis,* for defendants.

FELTON, J. The plaintiff sued the six defendants in this case, for personal injuries alleged to have resulted from the conduct of the defendants in the perpetration of a practical joke. He alleged substantially, that one of the defendants persuaded him to go with him to a certain house in the country to see some "wild women;" and that when they arrived there a man's voice from the house yelled; that two shots were fired, one in the direction of the plaintiff; that he ran in desperation and fear of his life, and fell into a ditch, as a result of which fall he sustained injuries; that the defendants had planned the joke; that there were no "wild women" at the house, which was a vacant farmhouse, etc. The defenses were that the plaintiff was injured because of his own negligence, and was engaged in an illegal enterprise. The jury found for the defendants, and the exception is to the overruling of the motion for new trial.

The action was one for simple negligence; and it was error for the court to give in charge to the jury the questions of con-

tributory and comparative negligence, in the absence of any evidence authorizing a finding that the plaintiff was negligent under the circumstances.

■ It was error to give in charge the law on the question of accident. The defendants would be liable for such consequences of their acts as they should have foreseen; and if an occurrence such as is involved in this case was one of the consequences they would be liable therefor, and it could not in law be termed accidental even though the injury, disconnected from the other circumstances of the case, in and of itself was accidental. The questions in the case are whether the injury was a probable and natural result of the conduct of the defendants, and whether the defendants should have anticipated it. Did the acts of the defendants amount to negligence? If the injurious consequence was forseeable, they would amount to negligence. If it was not forseeable, they would not amount to negligence.

■ It was error to charge that the purpose for which the plaintiff went to the house might affect the finding in the case. Such purpose had no connection with the injury, and the plaintiff's right to recover was not dependent on his asserting such purpose. It was purely incidental to the establishment of the relationship, rights, and duties of the parties. *Schofield* v. *Hatfield*, 25 *Ga. App.* 513 (103 S. E. 732); *Hughes* v. *Atlantic Steel Co.*, 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C, 394); *Central of Georgia Ry. Co.* v. *Moore*, 149 *Ga.* 581 (101 S. E. 668).

It is not deemed necessary to pass on the other questions raised. The court erred in overruling the motion for new trial; and the judgment is *Reversed.* *Stephens, P. J., and Sutton, J., concur.*