**REEVE BROS. v. GUEST (four cases).**

Nos. 10356, 10357.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1942.

W. W. Dykes, of Americus, Ga., for appellants.

DeLacey Allen, of Albany, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

## McCORD, Circuit Judge.

On the afternoon of January 25, 1941, Claire Guest, a girl who lacked one month of being fifteen years of age, was driving her father's automobile, a Plymouth Sedan, from Americus, Georgia, toward the Guest home which was located eleven miles west of Americus. Claire's mother, Mrs. M. H. Guest, and young brother, David Guest, were riding on the front seat with her. Her father, M. H. Guest, a nephew, Hixon Guest, Jr., and a friend of the family, T. E. Smith, were riding on the back seat. About three miles west of Americus, the road over which the Guest automobile was traveling enters a nine hundred foot cut or dugway and curves to the left and then proceeds upgrade to a point approximately fifty feet from a gate entrance to a private side road. The side road leads from a fenced field located on the right side of the highway, and enters the highway at a point where the dugway ends and where it is practically level with the roadway. Small trees and shrubs along the sides of the embankment almost obscure the view of the side road from the highway.

The evidence shows that the Guest automobile entered and proceeded through the cut at a speed of from thirty-five to forty miles per hour; that as it approached within fifty feet of the field and side road, a 1937 Model 1½ Ton Ford Dump Truck, loaded with six tons of sand, suddenly came from the side road and entered the main highway and into the path of the on-coming automobile; and that the Guest automobile collided with the truck with such impact that the two vehicles became fastened together and had to be pulled apart by another truck. The dump truck was the property of Reeve Brothers, and was at the time of the accident engaged in and about their business of hauling sand for road construction. At the time of the accident the truck was being operated by Ernest Smith, a mechanic who had the truck out on a test run to see how it would operate after certain repairs had been made on it. He had never been on the road before and was unfamiliar with the surroundings. He did not sound the horn before entering the highway, and it is a matter of sharp dispute as to whether the brakes on the truck were in proper working order.

Mrs. M. H. Guest, Hixon Guest, Jr., by next friend, David Guest, by next friend, and Claire Guest, by next friend, brought separate actions against Reeve Brothers to recover damages for injuries received by them when the automobile collided with the truck. The suits of Mrs. Guest, Hixon Guest, Jr., and David Guest were consolidated and tried together; and the suit of Claire Guest was tried separately. The cases were tried to juries, and resulted in verdicts and judgments for each of the plaintiffs, and Reeve Brothers appealed. Since the material facts in both records on appeal are substantially the same, the parties by agreement argued and submitted the two appeals together, and the cases may be conveniently disposed of by one opinion.

It is without dispute that Claire Guest obtained a permit to drive an automobile from the Highway Department of Georgia; that in her application for such driver's license she made an affidavit that she was sixteen years of age; that her mother was with her when she made the application and secured the license; and that both she and her mother knew she was under sixteen years of age, the minimum age at which driver's licenses may be legally issued in Georgia. Save for these facts the record shows that all the evidence was in sharp dispute.

Appellants contend that as a matter of law the fraudulent securing of a driver's license by Claire Guest, who was under sixteen years of age, should prevent a recovery; that the mother, Mrs. M. H. Guest, knowing of the fraud perpetrated in securing the license, should also prevent her re-

covery of damages; that the extreme youth of Claire proximately contributed to the accident and injury of the occupants of the Guest automobile; and that Claire Guest was solely at fault and, therefore, she and the other plaintiffs could not recover from the defendants.

The evidence disclosed, and authorized the jury to find, that Claire Guest was fully developed; that she was intelligent, and had made a high grade on her examination for a driver's license; that on the occasion of this accident she was not at fault, but was driving the automobile in a careful and prudent manner; that she was a careful and prudent driver; and that the driver of the Reeve Brothers truck was solely at fault in causing the accident.

■ It is not enough to defeat recovery to show that Claire Guest had received a driver's license as the result of making untrue statements, and that she was not sixteen years of age, but in fact lacked one month of being fifteen years of age. The test to be applied here is not the illegal conduct of Claire in obtaining the license, but whether her age prevented her from using ordinary care in driving the car at the time of the accident. Was her tender age the efficient or proximate cause of the accident? These were the questions to be presented to and answered by the jury. If Claire Guest used and exercised ordinary care in and about the operation of the automobile, and if at the time of the accident she was doing what an ordinarily prudent person would have done under the circumstances, then the fact that she was under sixteen years of age and had secured a driver's license through misrepresentation would not prevent her and the other plaintiffs from recovering damages for their injuries. Hughes v. Atlanta Steel Company, 136 Ga. 511, 71 S.E. 728, 36 L.R.A.,N.S., 547, Ann.Cas.1912C, 394; Central of Georgia Ry. v. Moore, 149 Ga. 581, 101 S.E. 668; Western & Atlantic Railroad v. Reed, 35 Ga.App. 538, 134 S.E. 134; Farmer v. Georgia Power Co., 39 Ga.App. 61, 146 S.E. 40; Simowitz v. Register, 60 Ga.App. 180, 184, 3 S.E.2d 231; Faggart v. Rowe, 33 Ga. App. 423, 126 S.E. 731.

■ Appellants complain of the court's failure to give certain requested charges submitted by them. While the records show that such charges were submitted to the court, we have been unable to find the objections to the court's refusal to give the specially requested charges as required by

Rule 51 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which rule requires that before the jury retires the complaining party must make his objection "stating distinctly the matter to which he objects and the grounds of his objection". The trial court's oral charge and failure to give the requested charges not being properly objected to below may not be made grounds for reversal here. Moreover, we have carefully considered the charge of the court contained in both records and found that the charges were full and clear and that the material issues in the cases were fairly submitted.

We find no prejudicial error in the rulings on the admission and exclusion of evidence.

The judgment in each case is affirmed.