Washburn, P. J.
This is an action in which plaintiff in error, plaintiff below, sued the defendant to recover damages for an alleged malpractice. The verdict of the jury and judgment of the court were for the defendant.
The principal error complained of, and set out in the brief, and noticed in oral argument, is in regard to the charge of court.
At the request of plaintiff, the court charged before argument as follows:
*259 “You are instructed that a physician who offers his services to the public impliedly agrees with those who employ him that he possesses that reasonable degree of learning, skill and experience which is ordinarily possessed by persons engaged in that profession and sufficient to qualify him to engage in that profession. A physician assumes to exercise the ordinary care and skill of his profession, and is liable for injuries resulting from his failure to do so, if his failure to exercise the ordinary care and skill of his profession is the proximate cause of the injuries.”
The plaintiff also asked the court to charge the following:
“You are instructed that a physician holding himself out as having special knowledge and skill in the treatment of a particular disease is bound to bring to the discharge of his duty to a patient employing him as such specialist to treat such disease, not merely the ordinary degree of care and skill possessed by general practitioners, but that special degree of care, skill and knowledge possessed by physicians who are specialists in the treatment of such disease in similar localities, having regard to the present state of medical and scientific knowledge at the time of treatment.”
This request the court refused to give before argument, to which ruling plaintiff excepted. The general charge of the court was along the lines indicated in the first request quoted, the one which was given, and at the conclusion of the charge plaintiff again asked that request number 2, which had been refused, or some similar statement of the law, be charged, which the court again refused, to which plaintiff excepted.
*260 The petition alleged, and the proof established by admission of defendant, that he held himself out as a specialist in the treatment of the disease concerning which it was claimed he was guilty of malpractice.
The courts of Ohio have not spoken on the question whether or not a physician who holds himself out as a specialist is held to a greater degree of care and skill than the ordinary care and skill of general practitioners, but numerous authorities outside of the state of Ohio sustain the proposition that where a physician is employed because of his peculiar learning and skill in the specialty practiced by him his duty to his patient cannot be measured by the average skill of the general practitioner, but that he should bring to the discharge of his duty to patients employed by him as such specialist that degree of skill and knowledge which is ordinarily possessed by the physicians who devote special attention and study to the disease of which he has held himself out as a specialist. McClarin v. Grenzfelder, 147 Mo. App., 478, 126 S. W., 817; Coleman v. Wilson, 85 N. J. L., 203, 88 Atl., 1059; Rann v. Twitchell, 82 Ver., 79, 71 Atl., 1045; Physicians and Surgeons, 30 Cyc., 1571; Physicians and Surgeons, 21 R. C. L., 387, Section 32; Stewart’s Legal Medicine, 254, Section 93; Gillette v. Tucker, 67 Ohio St., 106, and Note C, 93 Am. St. Rep., 664, and Notes, 20 L. R. A., N. S., 1030.
No decisions holding to the contrary have been cited, and we have found none, and we are satis fied that the trial court in the instant case should have adopted the view of the law expressed in these eases, and that it was error not to charge *261 that a specialist, employed as such, is charged with the duty of exercising that degree of skill and care which is ordinarily exercised by specialists in his line under the same or similar circumstances. The court’s attention to this phase of the law wa challenged both before and after the general charge, and it was error to refuse to charge on the subject.
We further find upon a review of the record that such error was prejudicial in this case. Judgment will therefore be reversed for such error, and the cause remanded.

Judgment reversed, and aa/use remanded.

Pardee and Punk, JJ., concur.