LAKE SHORE RY. CO. v. ORDWAY, Admr.

Ohio Appeals, 6th Dist., Huron Co.

No. 211.   Decided Oct. 6, 1926

**206. CARE**—1. Where a prospective passenger awaits the car of an interurban electric line at an established stop and upon its coming into view, walks toward the tracks for the purpose of boarding the car, such passenger has a right to assume that the car will stop for him, unless it was apparent to him, in the exercise of ordinary care, that it would not stop.

2. The company owes a prospective passenger a duty to exercise ordinary care to stop its car and to permit him to enter, upon discovery that he approaches the car for that purpose.

**829. NEGLIGENCE**—Refusal of the court to charge that in the open country the company has a right to operate its car at such rate of speed as the motorman might deem safe; and that alleged excessive speed could not be considered as ground for negligence, is not error; for to so charge would eliminate the duty of the Company in reference to one about to take the car at an established stop.

WILLIAMS, J.

This action was brought originally in the Huron Common Pleas by Howard Ordway, administrator of the estate of Jefferson Ordway, against the Lake Shore Electric Railway Co. to recover damages for the wrongful death of the decedent who was struck by a car of the defendant company at a regular stop, from which death resulted. The jury returned a

verdict in favor of the administrator and judgment was entered thereon after a motion for a new trial was overruled.

Error was prosecuted and the Company claimed that the court below erred in refusing to direct a verdict; that the verdict is against the evidence; that the court erred in its charge to the jury and in refusing to give certain requests.

It seems from the evidence that the decedent was awaiting the arrival of the car at a point that made it necessary to cross the tracks because of a curve at that particular point, and when the car came into view travelling at a speed of about 35 miles per hour, the decedent walked across the track for the purpose of boarding the car; and that the motorman of the car saw him when the car was 200 or 300 feet from the stop but did not stop the car until it had run about 200 feet beyond the stop.

The motorman testified that he blew the warning whistle when the decedent was about 25 feet away from the track and that the speed of the car had been reduced to 20 miles per hour. The Court of Appeals held:

1. From the testimony of one Hacker, the jury might well have believed it and draw the inference that the motorman sounded the warning whistle about the time decedent was struck by the car.

2. There is evidence tending to show that the decedent was about to become a passenger upon the car of the company, and the latter owed him a duty to exercise ordinary care to stop its car and permit him to enter the car, upon discovery that he was approaching the stop for that purpose.

3. It is claimed that the decedent was guilty of contributory negligence as a matter of law. The case was one for the jury, for the decedent, if a prospective passenger, had a right as he was about to cross the track, to assume that the car would stop for him at the established stop, unless it was apparent to him, in the exercise of ordinary care, that it would not stop.

4. The requested charge of the company that it had a right to run its car in the open country, at such rate of speed as the motorman might deem safe to the transportation of passengers, and that the alleged excessive speed of the car could not be considered as a ground for negligence, was properly refused by the trial court for had such charge been given, it would have eliminated the question of speed as a ground for negligence upon the theory that the company owed no duty to operate its cars at such a rate of speed as ordinary care required with reference to one about to take the car as a passenger at a point where ordinarily, the car stopped to take on and discharge passengers.

5. There is no error on the face of the record.

Judgment affirmed.

(Richards & Young, JJ., concur.)

Attorneys—G. Ray Craig for Company; Young & Young for Ordway; all of Norwalk.