BEACH, A MINOR, *v.* CHOLLETT.

(Decided June 11, 1928.)

*Messrs. Zabel & Moss,* for plaintiff in error.
*Messrs. Fraser, Hiett, Wall & Effler,* for defendant in error.

RICHARDS, J. This is an action brought by Virginia Beach, a minor, through her next friend, to recover damages for malpractice, and the trial resulted in a verdict and judgment for the defendant.

Virginia Beach was injured on December 9, 1925, when she was about 10 years of age, by falling on the steps of a schoolhouse. This fall resulted in a fracture of the femur bone of her left leg. She was removed to a hospital for treatment, and was there attended by Dr. Chollett, who set the broken bone and treated her thereafter. The plaintiff claims that the reduction of the fracture was unskillfully done, so that the bones were not, and are not, in apposition, and that the subsequent treatment of the plaintiff was negligent and unskillful, all of which is charged to have resulted in the permanent shortening of her left leg and the turning of the left foot inwardly. The petition charges that the defendant, before and at the time of the rendition of the services, held himself out as a duly licensed and practicing physician and surgeon in the city of Toledo.

It is urged that the trial judge committed prejudicial error in refusing to give plaintiff's requests Nos. 1 and 2.

Request No. 1 reads as follows: "You are instructed that a physician and surgeon holding him-

self out as having special knowledge and skill in the treatment of a particular disease, or injury, is bound to bring to the discharge of his duty to a patient, employing him as such specialist to treat such disease, or injury, not merely the ordinary degree of care and skill possessed by general practitioners, but that special degree of care, skill and knowledge possessed by physicians and surgeons who are specialists in the treatment of such disease, or injury, in similar localities, having regard to the present state of medical and scientific knowledge at the time of treatment.''

We find no error in refusing to give request No. 1. The petition does not charge that the defendant held himself out or represented himself to be a specialist in the setting of fractured limbs, but only charges that he was a duly licensed and practicing physician and surgeon, and the issues on trial did not involve determining whether he was holding himself out as having special knowledge and skill in setting fractured bones. The authorities cited by plaintiff were cases in which the issue of special skill in a particular disease or injury arose under the pleadings and was therefore directly involved. Request No. 1 is faulty, in that it would impose upon the defendant ''not merely the ordinary degree of care * * * possessed by general practitioners, but that special degree of care * * * possessed by physicians and surgeons who are specialists.'' While a specialist is held to the exercise of more skill and the possession of more knowledge within his field than a general practitioner, it is not true that he is held to the exercise of a special degree of care. It is still ordinary care under all the circumstances and not any special or peculiar or higher degree of

care. Counsel for plaintiff cite *Pantazatos* v. *Jelm*, 17 Ohio App., 258, in which the syllabus indicates that a specialist must exercise a special degree of care, but the opinion itself only holds that a specialist must bring to the discharge of his duty to patients "that degree of skill and knowledge which is ordinarily possessed by the physicians who devote special attention and study to the disease of which he has held himself out as a specialist." We think this is a correct statement of the law, and it does not contain any peculiar or special requirement as to the exercise of care.

The closing portion of request No. 1 is faulty and liable to be misleading, if given to the jury, in that it requires the defendant to exercise care commensurate with "the *present* state of medical and scientific knowledge at *the time of treatment.*" The plaintiff's injury was received on December 9, 1925, and the trial did not commence until December 16, 1927. The "present" state of medical knowledge would naturally be at the time of trial, while the time of treatment was two years previous to the trial, and, in addition to this, care commensurate with medical and scientific knowledge is not the measure of duty owing by a physician or surgeon.

Request No. 2 reads as follows: "The jury must take into consideration all the pain and suffering that the plaintiff has sustained and been subjected to, which has resulted from the injury, over and above what he would have necessarily suffered and sustained had the limb been treated with ordinary surgical skill; also such further damages as the plaintiff may sustain by reason of his future disability to use said limb; and that in estimating the damages they are to take into consideration the

present and future condition of the plaintiff compared with what it would have been if the limb had been treated with ordinary skill.''

A request to charge before argument need not be given unless it is strictly correct, and this request does not limit the pain and suffering, for which recovery could be had, to such as was the direct or proximate result of the defendant's treatment, and refers to the plaintiff as ''he'' and ''his.'' This request is also seriously defective in not limiting future damages to such as are reasonably certain to ensue, but permits recovery for all such future damages ''as the plaintiff may sustain.''

On the trial of the case the plaintiff introduced in evidence certain X-Ray plates, and sought to introduce two photographs or prints taken from two of these plates. These prints were excluded, and this ruling is assigned as error. While the plaintiff's witness, who made these prints, testified they were correct reproductions from the plates, he further stated that they were not nearly so accurate as the plates, and did not show as much as the plates themselves, and he further stated that the prints were not reliable, and that the plates showed an irregular oblique fracture of the femur. In view of the fact that the X-Ray plates are in evidence, and show the same condition that was sought to be shown by the prints, we fail to see how any prejudicial error could result in excluding the prints, and this is especially true in view of the fact that the testimony shows the plates are more accurate than the prints.

The evidence in this case shows that the fracture received by the plaintiff was an oblique one, and

very difficult to reduce, and to keep in place after being reduced. A finding by the jury that the defendant was exercising such care, skill, and knowledge as he should have exercised is certainly not manifestly against the weight of the evidence.

We have examined the other alleged errors which are assigned, but find none to the prejudice of the plaintiff in error.

*Judgment affirmed.*

WILLIAMS and LLOYD, JJ., concur.