ROBERTS, APPELLEE, *v.* FARGO, APPELLANT.

(No. 4299—Decided November 26, 1952.)

*Mr. E. F. Mooneyham,* for appellee.

*Mr. Clarence W. May* and *Mr. John D. May,* for appellant.

HUNSICKER, P. J. Emma Roberts, while riding as a passenger in an automobile operated by her husband, Frank C. Roberts, was injured in a collision of such automobile and one being driven by Walter D. Fargo, the appellant herein.

The accident occurred at the intersection of Burt avenue and Wooster road, north, in the city of Barberton, Summit county, Ohio. Burt avenue intersects Wooster road from the west at a right angle, but does not extend through Wooster road, thereby making a "T" intersection. Traffic at this intersection is controlled by a traffic signal light.

Emma Roberts said her husband, Frank, had stopped on Burt avenue at this intersection because the traffic signal was red; and that when the signal light changed to green, he drove into the intersection, intending to turn left, or north, on Wooster road, and waited for pedestrians to cross from the east to the west side of Wooster road, north.

At this time an Akron Transportation bus was standing on Wooster road, north, at the same intersection and to the north thereof, having discharged and taken on some passengers. This bus was waiting to proceed south when the traffic signal light would permit it to move forward.

Walter Fargo said he was stopped at this same intersection headed south, on the east side of the bus, also awaiting the change of the traffic light. When such light changed to green, Fargo proceeded to move forward, when his automobile came into contact with the side of the Roberts car as it came out of Burt avenue into the intersection against the light, causing Emma Roberts to sustain certain injuries.

The testimony is in conflict as to the exact position of the Roberts automobile. Fargo claimed the Roberts car was not stopped in the intersection, but that it came out of Burt avenue in front of the bus after the traffic light had changed from red to green for traffic to move forward on Wooster road, north; that Roberts made a sharp left turn in coming out of Burt avenue onto Wooster road against the light, and thereby caused the collision.

A jury returned a verdict for Mrs. Roberts, and, from the judgment rendered thereon, an appeal on questions of law is before this court.

Walter D. Fargo for his assignments of error says:

"1. The court erred in failing to give Fargo's special request No. II.

"2. The court erred in failing to give Fargo's special request No. III.

"3. The court erred in failing to give Fargo's special request No. IV.

"4. The court erred in giving plaintiff's special request No. 1.

"5. The court erred in its general charge."

Counsel for appellant, Walter D. Fargo, insist that, in a former appeal involving the same parties, arising out of a former trial concerning the same collision, special request before argument No. II, as presented by Fargo, was approved by this court, and hence the trial court in the second trial committed prejudicial error in refusing the identical request given by the trial court in the prior trial.

This court did not approve such special request. This court specifically said in that appeal (*Roberts* v. *Fargo*, No. 4000, Summit County, decided November 30, 1949, unreported): "The giving of Fargo's special request No. II under the circumstances herein, did not constitute prejudicial error." This we do not believe constituted an approval of the request, which is as follows:

"The Court instructs you, as a matter of law, that if you find by a preponderance of the evidence that the injuries complained of by the plaintiff, Emma Roberts, were caused directly, proximately and solely by the negligence of Mr. Roberts, the plaintiff's husband, in the manner in which he operated his car at the time and place complained of, then your verdict should be for the defendant, Walter D. Fargo, in this action, and against the plaintiff."

It may readily be seen that such request assumes that Mr. Roberts was guilty of negligence "in the manner in which he operated his car." The trial court did not commit error in refusing to charge the jury before argument as requested by Fargo.

At the conclusion of the charge to the jury, the trial court said "Anything further?" to which counsel for Fargo replied "No request for further instructions on our part."

It is now claimed on the part of Fargo that the trial court should have charged on the subject of the sole negligence of Mr. Roberts, since that matter had been brought to the attention of the court by special request before argument No. II.

It has long been the rule in Ohio that, if a charge is correct as to the issues presented, but omits some matter which might have been included, such omission does not constitute reversible error unless called to the attention of the trial court. *Rhoades* v. *City of Cleveland,* 157 Ohio St., 107, 105 N. E. (2d), 2; *Lytle* v. *Pennsylvania Rd. Co.,* 91 Ohio App., 232, 108 N. E. (2d), 72; 2 Ohio Jurisprudence (Pt. 2), Appellate Review, Section 746, and cases there cited.

Was the trial court required to charge on the matter of the sole negligence of Mr. Roberts, because it was requested before argument, notwithstanding such request was not brought to the attention of the trial court at the conclusion of the charge?

Counsel have called our attention to a case decided by this court (*Wharton* v. *Long,* 18 Ohio Law Abs., 147), claiming that such case is authority for the position they advocate herein.

A careful reading of the opinion therein discloses that, after the special request to charge before argument was refused, and at the close of the general charge, counsel again requested a charge on the subject contained in the special request. This condition of affairs does not appear in the instant case. We have found no case in Ohio which sustains the proposition contended for by counsel for the appellant.

The Supreme Court of Ohio in the case of *Schreiber*

v. *National Smelting Co.*, 157 Ohio St., 1, 104 N. E. (2d), 4, said:

"1. In an action for personal injuries alleged to have resulted from defendant's negligence the defendant may prove under his general denial that the injuries were caused by the negligence of a third person.

"2. Where, in an action for personal injuries, suffered while plaintiff was a guest passenger in an automobile, against the operator of another motor vehicle, the answer of the defendant is in the form of a general denial, evidence as to the manner in which the automobile in which the plaintiff was riding was operated by the driver thereof is competent. If such evidence establishes as a matter of law that the driver of the automobile in which the plaintiff was riding violated the assured-clear-distance-ahead rule, it is proper for the court to charge the jury that such driver was guilty of negligence; that his negligence cannot be imputed to the plaintiff who was a guest passenger in the automobile; that the defendant is not liable if the jury should find that such negligence of the driver of the automobile was the sole cause of the collision; and that the defendant is liable if the jury should find that the defendant was guilty of any negligence which proximately caused or contributed to the collision and the injuries resulting therefrom."

Certainly it was proper for the trial court to charge on the subject of the sole negligence of a third person if the evidence presented facts sufficient to justify such charge; but where a charge is free from errors of commission, and where the issues are fully presented to the jury, and counsel have indicated that they desire no further instruction, it is not incumbent on the court to inquire of counsel as to subject matter which is contained in an inaccurate special request before argument.

Section 11560, General Code, says:

"An exception shall not be necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion, or otherwise and the court has ruled thereon. Error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party, without exception being taken to the charge."

This section, however, does not relieve counsel of the duty to call the court's attention to any omission in a charge, unless the jury was misled by the instruction given. *Karr, Admr.,* v. *Sixt,* 146 Ohio St., 527, at p. 536, 67 N. E. (2d), 331; *Columbus Ry. Co.* v. *Ritter,* 67 Ohio St., 53, 65 N. E., 613; *Casanova* v. *Wagner,* 85 Ohio App., 278, 88 N. E. (2d), 312.

In the case of *Rhoades* v. *City of Cleveland, supra,* the court said, at pp. 108 and 109:

"As a general rule, in the absence of statutory provisions to the contrary, a party, represented by counsel, may not ordinarily avail himself of an error which was not called to the attention of the trial judge and which could and might have been corrected by the trial judge if it had been called to his attention. *Adams* v. *State,* 25 Ohio St., 584.

"The reasons for this general rule are stated in the opinion at page 257 in *State* v. *Tudor,* 154 Ohio St., 249, 95 N. E. (2d), 385. As pointed out in that case at page 258, there is in Ohio, by reason of certain statutory provisions (Section 11560, General Code), an exception to this general rule where errors in the charge of the court are involved. See *Columbus Ry. Co.* v. *Ritter,* 67 Ohio St., 58 [53], 64, 65 N. E., 613; *State* v. *McCoy,* 88 Ohio St., 447, 454, 103 N. E., 136. However, where such errors in the charge of the court are errors of omission and not errors of commission, the general rule applies, and, unless counsel has requested the

court to supply the omissions, such errors of omission will not ordinarily justify a reversal. *Columbus Ry. Co.* v. *Ritter, supra* (paragraph two of the syllabus); *State* v. *McCoy, supra* (paragraph three of the syllabus); *Beeler* v. *Ponting,* 116 Ohio St., 432, 156 N. E., 599.''

We believe that it is the duty of counsel, at the conclusion of the general charge, to advise the trial court of any additional proper subjects which such counsel may desire to be made a part of the general charge, and counsel cannot rely on the fact that certain matter was not included in the charge, which was requested as a special charge before argument, when such charge is otherwise complete.

The trial court in the general charge said:

''I have purposely refrained from directing your attention to any question as to whether Mr. Roberts was negligent in the operation of his automobile, since that would not and could not be controlling in this case. When I say since that, since the determination of your consideration of that question would not control.''

Did the trial court by the use of this language commit error prejudicial to the substantial rights of the defendant?

A defendant in a negligence case is permitted under a general denial to establish, if he can, an efficient independant cause—which, in the instant case, the defendant claimed was the negligence of Mr. Roberts.

It is also proper for the court to charge on the subject of the sole negligence of a third party, where such third-party negligence is properly in the case.

The ultimate question, however, in the instant case, was not who was negligent, or whose negligence caused the injury, but whether the defendant was negligent in a manner proximately causing the injury. The trial court properly defined the issues as between Mrs. Roberts and Fargo.

As we have pointed out above, if the defendant desired, in the instant case, a charge on the question of the sole negligence of a third person, it was incumbent upon him to call that matter to the attention of the trial court at the conclusion of the general charge. A failure to so charge is an omission that can and should be corrected by a request for additional instructions.

The issue as made by the pleadings and the evidence was between the parties, Mrs. Roberts and the appellant, Fargo. When the trial judge instructed the jury that the negligence, if any, of Mr. Roberts was not controlling, he stated a correct principle of law, for, in the charge as a whole, he limited the issue to the question as to whether the defendant was guilty of negligence which proximately caused the injuries which Mrs. Roberts sustained.

We therefore determine that, when the court charged as it did concerning the conduct of Mr. Roberts, it did not commit error prejudicial to the substantial rights of the appellant.

We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellant.

*Judgment affirmed.*

DOYLE, J., and STEVENS, J., concur.