Lewis, Appellee, *v.* Woodland et al., Appellants.

(No. 4876—Decided November 7, 1955.)

*Mr. Morris J. Britz* and *Mr. John G. Rust,* for appellee.
*Mr. Jas. Slater Gibson,* for appellants.

FESS, J.  This is an appeal on questions of law from a judgment entered upon a verdict in favor of plaintiff against defendants in the sum of $1,500.

In her petition, plaintiff alleges that about 8:30 in the evening of April 13, 1952, she entered the motor vehicle of the defendant Jones; that defendant Woodland was seated in the rear seat of the vehicle; and that defendants formulated a plan to frighten and startle plaintiff by suddenly exhibiting to her a certain life-like rubber lizard.  It is alleged that, after entering the automobile, as plaintiff was seating herself in the rear seat, defendant Woodland placed the lizard in plaintiff's lap

and "as a further part of said plan defendant Jones, to whom the lizard belonged, then suddenly called plaintiff's attention to the said lizard in her lap." It is alleged further that, upon discovery of the lizard in her lap, plaintiff was frightened to such an extent that she jumped up and down "causing her to break her back and injure herself." Plaintiff claims further that the acts of the defendants were done intentionally as a part of a preconceived plan to frighten plaintiff and cause her to move and react suddenly and violently; and that they were done with no regard for a sudden and violent reaction by plaintiff and without regard to the particular serious consequences to plaintiff which were likely to occur. Judgment for the sum of $15,000 is prayed.

Review of the record discloses that the allegations of the petition are supported by substantial, although disputed, evidence.

In their answer, defendants allege that the defendant Jones, for the accommodation of plaintiff, while driving her husband's automobile in company with defendant Woodland, stopped at plaintiff's house for the sole purpose of picking up plaintiff to take her to church services at the Shiloh Baptist Church (of which defendant Jones' husband was pastor); and that such transportation was furnished free, without any cost or obligation on the part of the plaintiff. The answer alleges further that, before defendants stopped at plaintiff's house, two infant children had been in the vehicle and had left a small toy rubber lizard in it. These allegations are denied in the reply.

It appears from the evidence that the injury to plaintiff occurred while she was attempting to close the door of the car after entering it. As to whether defendant Jones, as the driver, had started the journey before the injury, the evidence is in dispute. Section 4515.02, Revised Code, provides that the operator of a motor vehicle shall not be liable for damage arising from injuries to a guest resulting from the *operation of a motor vehicle while such guest is being transported* without payment therefor, in or upon said motor vehicle, unless, etc. The injury to plaintiff herein occurred as she was about to be transported without payment and had no relationship to the operation of the vehicle. The guest statute, therefore, does not apply.

During the course of the examination of plaintiff's attending physician, some confusion arose with respect to his testimony concerning the causal relationship between the fracture of plaintiff's back and the incident of April 13. In response to an inquiry on the part of the court, the physician gave a rather inconclusive answer as to causal connection. Thereafter, several questions were directed by plaintiff's counsel to such physician, seeking a more definite opinion as to the connection, to which objections were sustained. In our opinion, the physician should have been permitted to answer at least one of such subsequent questions. However, even from the somewhat inconclusive answer of the physician to the first question, it may be inferred that the physician intended to say there was such a causal connection. Furthermore, since the evidence was undisputed that plaintiff had suffered no injury to her back prior to April 13, there was sufficient evidence to go to the jury upon this phase of the case.

That part of the hospital record reporting the X-ray diagnosis recites:

"Examination of the lumbar spine with a cone down view of the first lumbar vertebra show a compression fracture of this vertebra. The superior vertebral plate of this vertebra show definite breaks in continuing which I believe established this as a recent fracture."

Error is assigned to the admission of the record expressing the opinion that the fracture disclosed was of recent origin.

The purpose underlying the enactment of Section 2317.40, Revised Code, as applied to hospital records, was to avoid the necessity and thereby the expense, inconvenience and sometimes the impossibility of calling as witnesses the attendant nurses and physicians who collaborated to make such record of a patient. Those portions of hospital records made in the regular course of business and pertaining to the business of hospitalization and recording *observable* acts, transactions, occurrences or events incident to the treatment of a patient are admissible as evidence of the *facts* therein recorded, so far as such records are helpful to an understanding of the medical or surgical aspects of the case. Cf. *Weis* v. *Weis*, 147 Ohio St., 416, 72 N. E. (2d), 245, 169 A. L. R., 668. Such a record may properly in-

clude case history, diagnosis by one qualified to make it, condition and treatment of the patient covering such items as temperature, pulse, respiration, symptoms, food and medicines, analysis of the tissues or fluids of the body and the behaviour and complaints of the patient. *Weis* v. *Weis, supra.* Examples of various types of acts, conditions or events disclosed in hospital records which are admissible are enumerated in the *Weis case.* See, also, annotations in 75 A. L. R., 378, and 120 A. L. R., 1124. In the light of the purpose in the enactment of Section 2317.40, Revised Code, to permit the introduction of records of observable acts and events such as those incident to the treatment of a patient, the introduction as a part of such records of ''hearsay upon hearsay'' or opinion evidence is improper. Cf. *New York Life Ins. Co.* v. *Taylor,* 147 F. (2d), 297. The admission of that portion of the hospital record stating the opinion of the roentgenologist as to the recent origin of the fracture was error prejudicial to the defendants. Cf. *Carson* v. *Metropolitan Life Ins. Co.,* 156 Ohio St., 104, 100 N. E. (2d), 197, 28 A. L. R. (2d), 344.

It is the contention of the defendants that plaintiff undertook to prove a conspiracy between the defendants to injure the plaintiff. With this contention we disagree. The petition sets forth a plan or concert of action on the part of the defendants to frighten plaintiff. The fact that a practical joke is the cause of an injury to a person does not excuse the perpetrator from liability in damages for the injuries sustained (52 American Jurisprudence, 436, Section 90), or, as it is stated, one who plays dangerous practical jokes on others takes the risk that his victims may not appreciate the humor of his conduct and may not take it in good part (Restatement of the Law of Torts, 30, Section 13 e). See 9 A. L. R., 364.

Defendants assign error to the court's refusal of five requests for instructions dealing with the question of foreseeability. If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable. *Daugherty* v. *Hunt,* 110 Ind. App., 264, 38 N. E. (2d), 250. Restatement of the Law of Torts, 1173, Section 435. Furthermore,

if the actor's conduct is negligent as violating a duty of care designed to protect another from a fright or other emotional disturbance, which the actor should recognize as involving an unreasonable risk of bodily harm, the fact that the harm results solely through the internal operation of the fright or other emotional disturbance does not protect the actor from liability. If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock or other similar and immediate emotional disturbances, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability. Restatement of the Law of Torts, 1177, Section 436; *Johnston* v. *Pittard,* 62 Ga. App., 550, 8 S. E. (2d), 717.

Once it is shown that a person charged with negligence should, in the exercise of ordinary care, have anticipated that some injury would likely result from his conduct, it has been held that foreseeability becomes immaterial on the question of proximate cause, and that responsibility attaches for all consequences naturally resulting from the negligence charged or for anything which, after the injury is complete, appears to have been a natural and probable consequence. It is sufficient that the consequence attributable to the negligent act or omission was a natural and probable result thereof, although it might not have been specifically contemplated or anticipated. 65 Corpus Juris Secundum, 673, Section 109.

On the other hand, it is inconceivable, in the instant case, that the defendants intended to cause bodily harm to plaintiff. Whatever liability is imposed upon them is due to the consequences suffered by plaintiff from their attempt to perpetrate a practical joke on her.

It is, therefore, concluded that the question of foreseeability of the consequences of the defendants' perpetration of a joke was properly for consideration by the jury under appropriate instructions of the court. The five special requests for instructions to the jury on this phase of the case did not meet the test that such instructions must be strictly correct and accurate as applied to an issue in the case. *Beach, a Minor,* v. *Chollett,* 31 Ohio App., 8, 166 N. E., 145. To make the refusal of a pre-

argument request for instructions reversible error, the request must be sound law throughout and lack no required limitation. *Wellston Coal Co.* v. *Smith,* 65 Ohio St., 70, 80, 61 N. E., 143, 87 Am. St. Rep., 547, 55 L. R. A., 99. Cf. *Swing, Trustee,* v. *Rose,* 75 Ohio St., 355, 369, 79 N. E., 757; *Lake Shore Electric Ry. Co.* v. *Ordway, Admr.,* 24 Ohio App., 317, 156 N. E., 235; *Cincinnati Traction Co.* v. *Dorenkemper, Admx.,* 11 C. C. (N. S.), 285, 21 C. D., 11. It might be contended that the five special requests to charge tendered were sufficient to apprise the court of the importance of properly instructing the jury upon the element of foreseeability. However, the court commented fully in the general charge upon the subjects of the liability of defendants for their conduct, of negligence and of proximate cause, and the failure to mention the element of foreseeability was an error of omission.

No further request to charge was made at the conclusion of the general charge. If a charge is not confusing or misleading and is good as far as it goes, the omission of some matters which might have been included is not fatal, unless the omission is called to the attention of the court and an instruction requested. *State* v. *McCoy,* 88 Ohio St., 447, 103 N. E., 136; *Karr, Admr.,* v. *Sixt,* 146 Ohio St., 527, 67 N. E. (2d), 331; *Rhoades* v. *City of Cleveland,* 157 Ohio St., 107, 105 N. E. (2d), 2; *Wood* v. *General Electric Co.,* 159 Ohio St., 273, 112 N. E. (2d), 8; *Fantozzi, Exrx.,* v. *New York, Chicago & St. Louis Rd. Co.,* 161 Ohio St., 485, 120 N. E. (2d), 104. Error can not be predicated on the fact that certain matter was not included in the general charge, which had been requested as a special preargument charge, where the general charge is otherwise complete. *Roberts* v. *Fargo,* 93 Ohio App., 400, 113 N. E. (2d), 678.

Other errors assigned are not well taken or are nonprejudicial.

The judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

*Judgment reversed.*

Conn and Deeds, JJ., concur.

Conn, J., concurring. I concur in the judgment and the basis upon which it is grounded, except as to contention of de-

fendants that "foreseeability" is applicable in determining the issues in this case, and that the jury should have been charged thereon.

In my opinion, respectfully submitted, the foreseeability rule or test of liability is applicable where the alleged culpable act is challenged on the ground that it was not tortious, or where the tortious character of the act is conceded, but an issue of proximate cause is raised. The courts frequently test the liability of the defendant on the basis of foreseeability, that is to say, the alleged wrongdoer is bound to anticipate only the reasonable and probable consequences of his conduct. An injury that could not reasonably have been foreseen as the probable result of an alleged wrongful act is not actionable.

In the instant case, the trial court charged the jury fully on the issue of whether the act complained of was tortious. It appears further that the damage sustained by plaintiff was the direct and proximate result of the act complained of. There was no issue of an intervening cause or of contributory negligence on the part of plaintiff.

On the record before us, it is my opinion that the issue of foreseeability should not be considered, on the ground that it is spurious and confusing.