MASEK *v.* BRANDT, ADMX., ET AL.

(No. 743061—Decided January 18, 1971.)

Common Pleas Court of Cuyahoga County, Probate Division.

*Messrs. Sweeney, Maher & Vlad* and *Mr. Robert E. Sweeney*, for complainant-petitioner.
*Mr. Bernard H. Niehaus*, for defendants.

MERRICK, P. J. This is an action for a declaratory judgment to determine the heir or heirs of Mary J. Brown, deceased.

The complainant petitioner alleges that he was born out of wedlock, the child of the decedent and that he is entitled to inherit her entire net estate under the statutes of descent and distribution, especially R. C. 2105.17:

"Bastards shall be capable of inheriting or transmitting inheritance from and to the mother, and from and to those from whom she may inherit or to whom she may transmit inheritance, as if born in lawful wedlock."

The decision in this case must depend upon the weight and/or relevancy given to the records of St. Ann's Maternity Hospital which has been in existence in this community for about a century.

The original records of the hospital show that Mary Masek was brought to the hospital by her mother and that on June 10, 1922, she gave birth to a baby boy. There is no dispute over the fact that the complainant was that baby boy but there is sharp disagreement as to whether or not the mother was the decedent in this estate.

The original record was made upon various departmental slips of paper, mostly in the handwriting of the members of the hospital staff, including the attending physician. This information was typed into the permanent record of the hospital. The original medical records of a hospital and a baptismal record which showed that the baby was baptized into the Catholic faith two weeks after birth remained intact for a period of six monhts. After the passage of that six-month period there was a pen and ink attempted alteration of the hospital record by changing the name of the mother to "Antoinette" and "Taken by her sister 'Mary,' 2030 Atkins Avenue." "Baby to St. A. II." There was no attempted alteration so far as the certificate of baptism was concerned, but the book entry of the baptism kept at the hospital was similarly changed at the later date to indicate the name "Antoinette" as substituted for "Mary."

The record of the hospital shows that the baby remained in the hospital until June 2, 1924, about two years after birth. The alterations to the original record were carried into an official amended certificate of birth record issued February 4, 1929, about six and one-half years after the original entries were made at the hospital.

The original discharge record made at the hospital shows that the child was discharged from the hospital when

about two years of age and that the mother's name was Mary and that he was "Taken by grandmother." There was no alteration made in this discharge record.

R. C. 2317.40 provides in part as follows:

"* * * A record of an act, condition or event, in so far as relevant, is competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission * * *."

As applied to hospital records, the key requirement of the Business Records as Evidence Act (R. C. 2317.40, *supra*), is that the record must be made in the regular course of the business of the hospital, at or near the time of the act, condition or event, and for the purpose which the record is intended to serve. *Schmitt* v. *Doehler Co.*, 143 Ohio St. 421.

In other words, those portions of hospital records made in the regular course of business and pertaining to the business of hospitalization and recording observable acts incident to the treatment of a patient are admissible as evidence of the facts therein recorded. 21 Ohio Jurisprudence 2d 611; *Lewis* v. *Woodland*, 101 Ohio App. 442; *Weis* v. *Weis*, 147 Ohio St. 416.

Following the guide lines established by the statutes, text books and case law, this court is bound to no other conclusion than that Mary gave birth to the complainant as indicated in the original hospital record and this court finds that any attempt to change such record at a date remote to the occurrence is of no weight whatsoever.

The prayer of the complainant petitioner is granted and this court finds that he is the sole heir of the decedent.

A journal entry may be presented in accordance with this opinion.