OPINION
Appellant Ronald Jones is appealing his conviction by the Stark County Court of Common Pleas of one count of rape. The facts giving rise to this appeal are as follows.
During the early morning hours of March 31, 1997, as the victim, Robin Pongrat, was returning home from work, appellant forced the victim into his residence where he raped her. Prior to the rape, appellant and Pongrat dated and lived in the same building. In October of 1996, Ms. Pongrat began working for The Repository. After she began working at her new job, appellant became jealous and was upset that Ms. Pongrat would dress up, put on makeup and do her hair for work, but would not do the same for him.
Finally, in early March 1997, Ms. Pongrat ended her relationship with appellant. According to Pongrat, appellant took the break-up badly and was constantly paging her at work. Appellant admitted that on one occasion, in March 1997, he watched Ms. Pongrat without her knowledge.
On the morning of the rape, appellant stopped Ms. Pongrat, on her way home from work, and told her he knew someone who could fix her vehicle. As Ms. Pongrat approached the door of appellant's apartment, appellant pulled her into the apartment. At that point, appellant began beating and choking Pongrat, until she was unconscious, and thereafter forced her to perform oral sex on him and raped her. It was only when Ms. Pongrat heard her children returning home, was she able to gather her clothes and leave appellant's apartment.
Upon returning to her apartment, appellant telephoned her sister who told her to call 911. The police and paramedics arrived shortly thereafter. Although appellant knew the police were trying to contact him, appellant did not respond for over two weeks. Appellant eventually went to the police department on April 16, 1997 and gave a statement denying the rape, stating the sexual intercourse was consensual.
The Stark County Grand Jury indicted appellant on April 25, 1997, for one count of rape and one count of kidnaping. This matter proceeded to trial on June 25, 1997. Following deliberations, the jury returned a verdict of not guilty as to the count of kidnaping and guilty as to the count of rape. The trial court sentenced appellant to a determinate term of seven years. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. APPELLANT'S CONVICTION MUST BE REVERSED AS IT IS LEGALLY INCONSISTENT WITH THE ACQUITTAL OF KIDNAPING AND NO EVIDENCE OF A SEPARATE ANIMUS WAS PRESENT AT TRIAL.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE RIGHTS OF THE DEFENDANT BY FAILING TO REDACT INADMISSIBLE PREJUDICIAL HEARSAY CONTAINED IN THE MEDICAL REPORTS.
 III. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION BEYOND A REASONABLE DOUBT.
 I
Appellant contends, in his first assignment of error, that his conviction for rape must be reversed as it is legally inconsistent with the acquittal of kidnaping and no evidence of a separate animus was present at trial. We disagree.
It is a well-established rule of law that inconsistent responses to different counts in a multi-count indictment do not render the entire verdict inconsistent. The Ohio Supreme Court recently addressed this issue in the case of State v. Lovejoy
(1997), 79 Ohio St.3d 440, paragraph one of the syllabus, wherein the Court held:
 The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. (Citations omitted.)
In the case sub judice, the jury could have concluded that Pongrat voluntarily entered appellant's apartment and after doing so, appellant raped her. Appellant contends that the offenses of rape and kidnaping are allied offenses of similar import. However, even so, it does not effect the results of this case because the jury only convicted appellant of rape and not kidnaping.
Based upon the above, we find the conviction for rape was not legally inconsistent with the acquittal for the charge of kidnaping.
Appellant's first assignment of error is overruled.
 II
Appellant maintains, in his second assignment of error, that the trial court committed reversible error when it failed to redact inadmissible prejudicial hearsay statements contained in the medical reports. We disagree.
This assignment of error concerns Exhibit 18 which was the E.M.S. report as well as the medical records from Aultman Hospital. Defense counsel objected to the admission of these documents at trial. Tr. Vol. I at 255. The trial court overruled defense counsel's objection. Tr. Vol. I at 257. Thereafter, defense counsel stipulated to the admission of the medical records subject to the redaction of prejudicial hearsay contained within the reports. The court had the following conversation with the prosecutor and defense counsel:
 MR. McGINNIS: * * * The State of Ohio would agree that if there is any hearsay outside of the scope of medical diagnosis or treatment, that they should be redacted from not only that document but any portion of those reports.
THE COURT: Miss Madden?
 MS. MADDEN: I would agree that there does need to be redaction with regard to some of the personal items and hearsay in there. I would still submit to the Court that E.M.S. is a separate entity and not part of Aultman Hospital. I would object to that report. * * *
* * *
 THE COURT: They will be admitted. We will take whatever hearsay is out. Tr. Vol. I at 256-257.
Although defense counsel objected to the hearsay statements, she failed to indicate, on the record, which statements she considered to be hearsay by way of a specific objection. Further, after the judge reviewed the documents, defense counsel did not review the documents, before submitting them to the jury. Even though the trial court indicated it would redact the hearsay statements, it was still incumbent upon defense counsel to review the documents prior to their submission to the jury and to object, on the record, to those portions of the documents believed to be hearsay in order to preserve this issue for appeal.
On appeal, appellant contends the trial court failed to remove the hearsay statements, from Exhibit 18, although it stated it would do so.[1] Appellant does not indicate what statements should have been redacted. However, upon review of these documents, we find the trial court's failure to redact certain statements did not prejudicially harm the appellant as the statements contained in the documents fall within well-recognized exceptions to the hearsay rule.
First, these documents and the statements contained therein were admissible pursuant to Evid.R. 803 (4), which provides:
 (4) Statements for Purposes of Medical Diagnosis or Treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. (Emphasis added.)
Robin Pongrat's statements regarding how she received her injuries were made for the purpose of assisting in her diagnosis and treatment. As such, we find these statements fall within the exception contained in Evid.R. 803 (4). See State v. Hairston
(1990), 67 Ohio App.3d 341, 348, citing McQueen v. Goldey (1984),20 Ohio App.3d 41, 44.
We also find Pongrat's statements admissible under Evid.R. 803 (6). This is the business record exception which permits the admission of records of regularly conducted business activities. This rule provides:
 (6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilations, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or a provided by Rule 901 (B) (10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. * * *
In the context of hospital records, courts routinely allow their contents admitted as business records. See Stengel v.Belcher (1975 C.A. 6), 522 F.2d 438, 445, cert.granted 425 U.S. 910, cert. dismissed429 U.S. 118; Masek v. Brandt (1971),26 Ohio Misc. 178, 180. The E.M.S. report as well as the hospital records are kept in the normal and regular course of business. Thus, these records were also admissible under Evid.R. 803 (6).
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant contends the jury's verdict is against the manifest weight of the evidence and the evidence is insufficient to sustain a conviction beyond a reasonable doubt. We disagree.
On review for sufficiency of the evidence, the reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. On review for manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based upon this standard that we review appellant's third assignment of error.
In its jury instructions, the trial court instructed the jury, as to the charge of rape, that "[b]efore you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the thirtieth day of March, 1997, in Stark County, Ohio, the Defendant engaged in sexual conduct with Robin Pongrat who was not his spouse and the Defendant purposely compelled Robin Pongrat to submit by force and/or threat of force." Tr. Vol. II at 366-367. We find the evidence at trial supports appellant's conviction for rape and the jury did not clearly lose its way thereby creating a manifest miscarriage of justice.
Appellant admitted, at trial, that he had a prior relationship with Ms. Pongrat, that he did not want her to break off the relationship with him, and that he was jealous that she dressed up for her new job. Tr. Vol. II at 289. Ms. Pongrat testified that he did not take the break-up well and paged her constantly. Tr. Vol. I at 122. The jury could reasonably conclude that based upon the above testimony, it was appellant's jealousy that led him to rape her.
Most importantly, the physical evidence supports the jury's conclusion that appellant raped Ms. Pongrat. The police retrieved a ripped bra found inside appellant's apartment. Tr. Vol. I at 196-197. The clothing she was wearing, at the time of the rape, had several of her hairs which a criminologist determined had been forcibly removed from Ms. Pongrat's head. Tr. Vol. I at 198-199. Finally, pictures takes of Ms. Pongrat, following the rape, showed large bruises on her neck where she claimed appellant choked her.
Based upon the above evidence, the jury's verdict convicting appellant of rape is supported by the weight of the evidence and the jury did not clearly lose its way in reaching this conclusion.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00234
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
[1] There is no indication, in the record, that defense counsel reviewed Exhibit 18 to determine whether the hearsay statements had been redacted by the trial court.